## Greenwell, et al. v. Whitehead, et vir.

(Decided April 25, 1919.)

### Appeal from Nelson Circuit Court.

1. Wills—Construction.—In the construction of wills it is the purpose of the court to so interpret them as to carry out the intention of the testator, as evidenced by the language used.

2. Wills—Conditions — Compliance. — Where testator devised to a daughter the interest of a brother or sister, the condition being that she live with and take care of such brother or sister, it was a sufficient compliance with the condition that she make provision for them in her own home, it not being necessary that she live on the property devised.

FRANK A. DAUGHERTY, E. N. and JOHN A. FULTON for appellants.

J. F. COMBS for appellees.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

Lloyd Shawler died in March, 1900, testate, a resident of Nelson county, Kentucky. The second clause of his will is as follows:

"Item 2nd. I devise my home farm near New Haven, Ky., containing about one hundred and thirty-eight acres, to my three children, Mary A. Whitehead, Ignatius Shawler and Josephine Shawler, one-third each, said land to be a home for all three children and not be sold during the life of said Ignatius and Josephine or the survivor. Said farm is to be valued at twenty-one hundred dollars, and each be charged with seven hundred dollars in settlement of my estate. The shares of the said Josephine and Ignatius to be held in trust during their several lives and pass to the issue of each in fee; should either die without issue the share of such child to pass to Mary A. Whitehead on condition that she lives with and takes care of such child so long as he or she lives, otherwise to pass to my heirs *per stirpes.*"

At the time of testator's death, and for some years prior thereto, the appellee, Mary A. Whitehead, resided with her husband and children in Bullitt county, Kentucky. Immediately following the death of her father she took charge of her brother Ignatius, and he resided with her until his death, May 27, 1915. Under an arrangement with a married sister, and a person by the name of Head, provision was made for her sister Josephine until her death, in August, 1917. Both Josephine and Ignatius Shawler seem to have been weak mentally and physically, and it is testified that they could not get along together and for this reason arrangements were made to keep them separate.

The appellee, Mary A. Whitehead, took immediate charge of her brother Ignatius and provided a home for him during his life, and while it is true she received the benefit of the income from his estate, yet this does not appear to have been sufficient to have met his various needs, and his condition was such that he could render but little service.

After the death of Josephine and Ignatius, neither of whom had married, this suit was instituted against Mary A. Whitehead and her husband by the other heirs of the testator, alleging that appellee, Mary A. Whitehead, had

not fulfilled the conditions upon which she was permitted to take the interest of said brother and sister; that she had not lived with or taken care of either of them, and upon their death the one-third interest in the property devised to them passed to the heirs of the testator *per stirpes,* and they asked that the property be sold, and the proceeds divided accordingly.

Under the judgment of the lower court the appellee, Mary A. Whitehead, was adjudged to be the owner of the one-third of the property devised to her brother Ignatius, but it was held that she had not complied with the terms of the will as to her sister Josephine

From so much of the judgment as gives to appellee the interest of her brother this appeal is prosecuted. It is the contention of the appellants that it was a condition precedent to the right of the appellee to recover that she reside on the farm and take care of her brother, and failing in this she was not entitled to his share. We can not agree with this contention. It is unnecesary to discuss whether or not this is a condition precedent or subsequent. Appellee, with commendable beneficence, cared for her unfortunate brother during his lifetime, and thus fulfilled every condition and desire of her father as expressed in his will. For thirty-five years prior to her father's death appellee lived with her family in Bullitt county, and it could not have been the intention of testator that she break up her home and remove her family to the Nelson county farm

In the construction of wills the purpose of the court is to interpret them so as to carry out the intention of the testator, as evidenced by the language used, and following this general rule we have no hesitancy in saying that what the testator had in mind was to provide a home for his afflicted children. Since appellee did take charge of her brother and provide a comfortable home for him and administer to his needs, she complied not only with the letter but the spirit of the will. Uppermost in this father's mind was the welfare of his children. He of all others knew their peculiarities and their needs. He doubtless realized that a stranger would not be so patient and forbearing as his daughter. He wanted her to care for them—her home to be their home. Residence on the farm in Nelson county was not required. She was to live with and take care of said brother; that she did.

The lower court did not err in adjudging to the appellee the one-third interest in the farm devised to Ignatius Shawler.

The judgment is affirmed.