CASE 24—PETITION EQUITY—APRIL 19.

# Thirlwell's adm'r, &c. v. Campbell, guardian, &c.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

CONTRIBUTION TO PAY ATTORNEY'S FEES, ETC., IN ACTION BY JOINT OWNERS, ETC.—Under the act of March 1, 1860, Myers's Supp. 107, as amended Session Acts 1867–68, page 25, an heir who prosecutes to a successful termination a suit surcharging the settlement of the administrator of the estate of the decedent, and for a sale of the real estate, may, *upon notice and motion before distribution*, obtain an allowance to pay the fees of his counsel, etc., to be paid and contributed out of the general fund, according to the several interests of those who are not represented in the case by counsel employed by themselves.

*But one joint owner can not be compelled to contribute* to the payment of the expenses of any litigation instituted contrary to his wishes by another jointly interested with him.

*Nor can one jointly interested* be compelled to contribute to pay counsel employed by others, when he has himself employed counsel to represent his interests.

*Said statutes apply only* to such parties as are not represented in the case by attorneys selected and employed by themselves.

THOMAS B. FAIRLEIGH, } . . . . . . For Appellants,
THOMAS SPEED, . . . }
CITED
Act of March 1, 1860, Myers's Supp. 107.

11bu 163
109 640

11bu163
h117 972

11bu 1 3
f122 552

11bu 163
128 235

11bu 163
132 195

MUIR, BIJUR & DAVIE, . . . . . . . . For Appellee,

CITED

Daniell's Chancery Pl. and Pr., chap. 31.
Adams's Equity, page 261.
Revised Statutes, Myers's Supp. 107.
Acts 1867–68, page 25.
Story's Equity, sections 477, 493.
6 Allen, 164, Frost v. Belmont.
2 Daniell's Ch'y Pl. and Pr., p. 1434, n. 4, pp. 1438, 1439.
1 Keen, 358, Stanton v. Hatfield.
5 DeG. M. and G. 556.
3 Beavan, 9, Sutton v. Doggett.

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

This suit was originally brought by Colin Campbell, statutory guardian of Charles and Robert Campbell, against his wards and the other heirs of C. C. Thirlwell, deceased, seeking a sale, under chapter 86 of the Revised Statutes, of several parcels of real estate situated in the city of Louisville, which had descended to them from said Thirlwell, and also seeking to surcharge a settlement made by Thirlwell's administrator with the County Court of Jefferson County.

It appears that all parties concerned desired a sale of the real estate, and that T. C. Thirlwell, Mrs. Thompson, and the representatives of William Thirlwell, each owning one eighth of the entire estate, were represented by their own attorneys, while the wards of the plaintiff were directly represented by the attorneys who brought the suit, and that the other parties in interest had no attorney specially employed.

The plaintiff's wards and T. C. Thirlwell desired to surcharge the settlement made by the administrator, but the others seem to have been either indifferent to that matter or opposed to it.

It appears that the real estate had been rented out by the widow of the intestate, to whom no dower had been assigned until after the suit was commenced, when, on motion of the

plaintiff, and through the exertions of his counsel, a special receiver was appointed, who was ordered to take charge of the property and collect the rents. This seems to have been without the consent of any of the heirs except the plaintiff's wards, and against the wish of some of them.

A judgment was finally obtained and the real estate was sold for between $25,000 and $26,000; the settlement of the administrator was surcharged, and an account in his favor, which had been allowed as a credit in the county court settlement, was reduced between $2,400 and $2,500, and some $400 realized from rents.

After the main purposes of the action had been accomplished the plaintiff gave notice of a motion for an allowance to pay the fee of his counsel, and after considerable proof had been taken as to the amount of services performed by them, and the value thereof, the court made an allowance for that purpose of $1,250, to be paid out of the general fund, and to this allowance the defendants, except the plaintiff's wards, excepted, and have brought the case here on appeal, and insist that the court erred in allowing the fee to be paid out of the common fund, or, if it did not, that the allowance is too large.

It appears from the evidence that although Mrs. Thompson, T. C. Thirlwell, and the representatives of William Thirlwell were each represented by an attorney, the attorneys for the plaintiff did the greater part of the labor in preparing the cause for a judgment to sell the real estate, and that they did very much the largest part of the labor in that branch of the case seeking to surcharge the settlement of the administrator.

It is insisted, however, that as appellee, as guardian of a part of the heirs, commenced the suit, he is entitled to have the fees of his attorneys paid out of the common fund, notwithstanding the fact that a part of the distributees and heirs were represented by other attorneys, and the further fact, as

to the settlement and rent branches of the case, that what was done was done either without their consent or against their known wishes.

The act. of March 1, 1860 (Myers's Supplement, p. 107), provides, " That where suits are brought for the settlement of estates or for the recovery of money or property held in joint tenancy, coparcenary, or as tenants in common, and it shall be made to appear that one or more of the legatees, devisees, or distributees, or parties in interest, have prosecuted and carried on the suit for the benefit of others interested with themselves, and have been at trouble and expense in conducting the same, it shall be the duty of the court to allow such person or persons reasonable compensation for such trouble, and for necessary expenses in addition to the fees and cost now by law taxable in the bill of costs; said allowance to be paid out of the funds recovered before distribution is made of the same."

By an act amendatory of this (1 Sess. Acts, 1867–8, p. 25) it is provided that it be so amended as to include in its provisions all suits for a sale of real estate jointly owned by several persons, when such suit is prosecuted by one or more of said joint owners, and a sale thereof procured.

Appellee insists that under these acts he has a right to have his counsel paid out of the general fund; yet his counsel in their argument concede that several of the distributees thus sought to be charged with fees were indifferent to the result, if indeed they were not opposed, as some of them certainly were, to the efforts made by plaintiff to surcharge the settlement which involved the principal amount of labor done by his counsel in the case.

We construe these acts as applying only to such parties as are not represented in the case by attorneys selected and employed by themselves.

The facts in this record will illustrate the injustice and un- soundness of such construction as is contended for.

T. C. Thirlwell selected and employed his own attorney, as did the representatives of William Thirlwell. They were not bound to confide their interests in the case to counsel selected by appellee, but were forced by this construction of the act to do so or to pay their own attorneys out of their shares, and also to aid in paying the counsel for the appellee. In the case of Mrs. Thompson, whose husband was the administrator, the injustice is still more striking, for she has been forced to pay one eighth of counsel fees for litigating with her husband a matter which she and five other distributees seem not to have desired to contest.

None of the parties interested except appellee seem to have desired the appointment of a receiver, but on the contrary to have been opposed to it, yet they were required to pay for this also.

So far as those parties are concerned who were not represented by attorneys selected by themselves, we think the services rendered by the counsel for the appellee in procuring a sale of the real estate and in surcharging the settlement fall within the provisions of the statutes *supra*, and for such services they should be paid out of the common fund.

Taking into consideration all the evidence as to the value of the services rendered by counsel for the appellee in procuring the sale and surcharging the settlement, and upon an inspection of the record ourselves, we think one thousand dollars would be a reasonable fee.

As appellee's counsel are to be taken under the statute as representing all the parties not represented by other counsel, they should be paid five eighths of $1,000 out of the interests of those they represented, in the common fund.

For their services in procuring the appointment of a receiver to take charge of the real estate they must look to the appellee alone.

The other parties in interest were known to the appellee

Campbell and his attorneys to be opposed to disturbing the widow in the enjoyment of the property, and we can not yield our assent to a construction of the statute which will enable one person to involve others in litigation against their known wishes and then charge them with counsel fees on the ground that attorneys have served them in spite of themselves. The statute, in our opinion, never was intended to compel one joint owner of an estate to pay counsel for services rendered against his wishes at the instance of another joint owner, but was intended to apply to that class of cases where all had a common interest and a part, without objections from the others, prosecuted suits for their joint benefit.

The construction contended for by counsel would open the door to abuses not contemplated by the legislature as within the range of the acts, and which would be mischievous in the extreme.

Such a construction would produce results detrimental both to the bar and to the general public, for under it the party who would be the first to commence an action would be entitled to have the whole of his counsel fees paid out of the common fund, although he might be the only one who desired suit to be brought, or desired the services of the attorney he might employ.

We mean no reflection upon the attorneys who brought this suit. Their labors seem to have been unremitting, and they managed the cause with ability and manifested a most commendable zeal and fidelity.

But under the construction of the statute which they contend for it is not difficult to see how persons having an inconsiderable interest in an estate might involve it in expensive and unnecessary litigation, and introduce into it attorneys either incapable or unworthy, and compel payment for their services out of the common fund. Such a construction would be as disastrous to the profession as to the public.

The order allowing to the appellee, Colin Campbell, guardian, the sum of one thousand two hundred and fifty dollars for counsel fees, to be paid out of the fund in court, is *reversed,* and the cause is remanded, with directions to allow him the sum of six hundred and twenty-five dollars, to be paid as herein directed.