CASE 27—MANDAMUS—JUNE 21.

# Massengale, Clerk, Etc. v. Lester, Etc.

APPEAL FROM WHITLEY CIRCUIT COURT.

CONSTITUTIONAL LAW—CHANGING LINES OF APPELLATE COURT
DISTRICTS.—The Legislature of the Commonwealth having di-
vided the State into Appellate Court Districts in 1893, was for-
bidden by sec. 116 of the Constitution from redistricting the State
within ten years; and the act of March 14, 1898, changing the
lines of the third, fifth and seventh districts was a violation of
this section and void.

WM. GOEBEL FOR APPELLANT.

The act of March 14, 1898, changing the lines of the third,
fifth and seventh appellate court districts must be held valid,
unless prohibited by the Constitution. Cooley on Constitutional
Limitations, 5th ed., pp. 105-6. Section 116 does not constitute
such a prohibition. A change of district lines is not a redis-
tricting within the meaning of that section. Compare sec. 33
with sec. 116. The construction of Article 2, sec. 6, of the Con-
stitution of 1849 shows practically that the legislative intent is
as here contended for. Contest between Lewis and McChord
in constitutional convention. Proceedings Con., Conv., pp. 378,
379, 380.

WILLIAM S. PRYOR ALSO FOR APPELLANT.

1. The act in question does not redistrict the State; it merely
changes the lines of some of the districts and is not general in
character. Const., secs. 116, 134.
2. The Court of Appeals can not take judicial notice of the popula-
tion of the counties composing the several districts. Parker v.
State, 133 Ind., 178; s. c., 18 L. R. A., 567.

J. C. BIRD ALSO FOR APPELLANT.

The act of March 14, 1898, is an amendment of the act of 1893
and not a redistricting act.

C. W. LESTER FOR HIMSELF AND THE OTHER APPELLEES.

1. The courts have power to compel the recognition of political rights. Parker, &c., v. State, 133 Ind., 178; Denny v. State, 144 Ind., 503; State v. Cunningham, 81 Wis., 440; Same v. Same, 83 Wis., 90; Board of Sup. v. Sec. of State, 92 Mich., 638; Giddings v. Blocker, 93 Mich., 1.

2. The act of March 14, 1898, is a violation of sec. 116 of the Constitution of the State. The purpose of the ten-year limitation was to utilize the census returns in equalizing the districts and yet, after districting pursuant to the census of 1890, 50,684 persons have been taken from the third and seventh districts and added to the fifth. This is shown by the census reports of which the courts take judicial notice. Denny v. State, 144 Ind., 504.

JOHN L. SCOTT ALSO FOR APPELELES.

The legislation in question is a violation of the State Constitution. Const., secs. 51, 59, 60, 113 and 116; Act Kentucky Legislature June 17, 1893, March 14, 1898; Am. & Eng. Enc. of Law, vol. 3, p. 696.

And in a supplemental brief, same counsel cited Bill of Rights, secs. 6 and 26; and Webster's Dictionary, the word "equal."

A. T. WOOD ALSO FOR APPELLEES.

The purpose of sec. 116 of the Constitution was to prevent gerrymandering in the interest of any political party; and secs. 59 and 60 of the Constitution were adopted for the purpose of preventing local and special legislation. The act in controversy violates all three sections cited.

O. H. WADDLE ALSO FOR APPELLEES.

No court should hold an act of the Legislature to be constitutional where any doubt exists as to its constitutionality. The act of March 14, 1898, is a violation of sec. 116 of the Constitution. Section 116 of the present Constitution was adopted in lieu of sec. 4, article 4, of the Constitution of 1850, which contained no restrictions upon the Legislature as to redistricting the State.

Massengale, Clerk, etc., v. Lester, etc.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

The appellees instituted this action in the Whitley Circuit Court against E. G. Massengale, as clerk of the Whitley County Court, the object being to obtain a mandamus to compel him to place upon the official ballot of Whitley county the names of such person or persons as might be legally certified by the governing power of the political parties, or by the State, or by petition, as provided by law. The averments of the petition are as follows: "The plaintiff above named say that they are residents of, and legal voters in, Whitley county, Ky., and of the Third Appellate Court district, and, as such, have the legal and constitutional right to vote in the election of a judge of the Court of Appeals for said district, composed of the counties of Hardin, Bullitt, Nelson, Washington, Marion, Spencer, Larue, Hart, Green, Taylor, Adair, Metcalfe, Barren, Clinton, Wayne, Russell, Casey, Shelby, Oldham, Anderson, Pulaski, and Whitley, as formed by the act of the General Assembly approved June 17, 1893. They say that on Tuesday after the first Monday in November, 1898, an election will be held in said district, at which a judge of the Court of Appeals for said district will be elected by the voters thereof; that there are now a number of candidates in said district for said office, some of whom will be duly and legally nominated by their respective political parties in due time, and certificates or petitions as provided by law will be duly presented to the clerks of the County Court in the various counties comprising said district, to enable said clerks to have the names of all such candidates placed on the official ballot to be used at said election, to the end that the legal voters in said dis-

[13]

trict may select, by a majority of the votes cast at said election in said district, a judge of the Court of Appeals. They say that the defendant E. G. Massengale is the duly elected, qualified, and acting clerk of the Whitley County Court, and, as such, it is and will be his duty to make out and cause to be printed and distributed to the various voting precincts of said county a sufficient number of ballots, with the names of the various candidates for judge of Court of Appeals thereon, so as to enable the voters of said county, including these plaintiffs, to cast their votes for some one to fill said office. They say defendant, Massengale, has already announced that he will not under any circumstances place the name of any person on the official ballot to be used at said election as candidate for judge of the Court of Appeals, and that he will not arrange the ballot in such a way or in any way as to enable the voters of said county to vote for any one for said office. They aver that defendant will carry out this purpose; that he will not, in the preparation of the official ballot place the name of any one thereon as a candidate for judge of the Court of Appeals; that, by so doing, these plaintiffs and all other legal voters in Whitley county will be deprived of their legal and constitutional right to vote for some one for said office. They say that defendant can not legally distribute the official ballot to be used at said election until within the last fifteen days before same, nor can he legally make out or cause to be printed the official ballot until within that time of the election, so that it will be too late for them to compel him to do so by order of this or any other court if they delay action until he actually fails to place the names of candidates for judge of the Court of Appeals on the ballot. For this reason, they say, they have no remedy against such wrongs threatened by defendant other than the immediate coercive

power of the court over ministerial officers; and, in order that they may be secure in their legal and constitutional rights, they now institute this suit, and ask that a writ of mandamus issue against defendant, commanding him to place upon the official ballot to be used at said election the names of all persons that may be certified to him by the governing authority of any political party as its candidate for said office, as well as the names of any and all persons who may petition in the manner provided by law for places on said ballot. They pray for all orders, decrees, and judgments that may be necessary to protect and secure them, and all other legal voters in said county, in their constitutional rights. They pray for their costs in this behalf expended, and for all other proper relief." The answer of defendant (now appellant) is as follows:

"The defendant, E. S. Massengale, for answer and defense to the petition of plaintiffs, denies that Whitley county is in, or constitutes any part of, the Third Court of Appeals district of Kentucky, and denies that any election will or can be legally held in said county at the November election, 1898, for the election of judge of the Court of Appeals for said district. He denies that plaintiffs or any other citizens of Whitley county have the legal or constitutional right to vote for a judge of the Court of Appeals for said district at said election. For further answer, he says it is true that Whitley county was made a part of said district by an act of the General Assembly of Kentucky approved June 17, 1893, entitled "An act relating to and providing for a Court of Appeals," but that by an act of the General Assembly of Kentucky which became a law March 14, 1898, without the approval of the governor (having been passed over his veto on the day aforesaid), Whitley county was taken out of said Court of Appeals district, and

made a part of the Fifth Court of Appeals district. Said act will become a law 90 days after the 15th day of March, 1898, viz. June 15, 1898; so that said act will be in full force and effect at the November election, 1898, and deprives plaintiffs of the right to vote for a judge of said court for the Third district. He herewith files a copy of said act of March 14, 1898, and makes same a part hereof, as fully as if copied herein. He says that, because of the provisions of said act, he can not legally, and will not, place the name of any candidate for judge of the Court of Appeals for the Third district upon the official ballot which he will in due time prepare for the use of the voters of Whitley county at the November election, 1898; and, in failing to do so, he avers that he will not deprive plaintiffs or any of the citizens of Whitley county of any legal or constitutional right. Wherefore, having fully answered, he prays that plaintiffs' petition be dismissed, and for all proper relief."

The act of March 14, 1898, referred to in the answer, reads as follows:

"An act to amend and re-enact sections four, six and eight of an act entitled 'An act relating to and providing for a Court of Appeals,' approved June 17, 1893.

"Be it enacted by the General Assembly of the Commonwealth of Kentucky:

"Section 1. That sections four, six and eight of an act entitled 'An act relating to and providing for a Court of Appeals,' approved June 17, 1893, be, and the same are, amended and re-enacted so as to read as follows:

" 'Sec. 4. Third District: Hardin, Bullitt, Nelson, Washington, Marion, Spencer, Larue, Hart, Green, Taylor, Adair, Metcalf, Barren, Clinton, Wayne, Russell, Casey, Shelby, Oldham, Anderson, and Pulaski.

" 'Sec. 6. Fifth District: Henry, Trimble, Carroll. Galla-

tin, Owen, Scott, Franklin, Bourbon, Fayette, Woodford, Garrard, Boyle, Jessamine, Madison, Mercer, Lincoln, Rock-castle, Clay, Jackson, Laurel, Knox, Owsley, Whitley, Bell, Harlan, Leslie, Perry, and Letcher.

" 'Sec. 8.   Seventh District:   Clark, Montgomery, Bath, Estill, Powell, Menefee, Lee, Breathitt, Knott, Pike, Floyd, Magoffin, Wolf, Morgan, Elliott, Lawrence, Boyd, Johnson and Martin.'

"J. Crepps Wickliffe Beckham, Speaker of the House of Representatives.

"W. J. Worthington, President of the Senate.

"This bill passed through the House of Representatives and Senate, over the veto of the Governor, on the fourteenth day of March, 1898.

"Chas. Finley, Secretary of State."

The reply to the foregoing answer is, in substance, as follows:   The plaintiffs, for reply to the answer of the defendant, admit the passage of the act of March 14, 1898, a copy of which is filed with and made a part of defendant's answer; but they say said act is in conflict with section 116 of the Constitution, and is therefore void.   They aver that, under said section of the Constitution, the General Assembly can not change the Court of Appeals district within ten years after the passage of the act of June 17, 1893, entitled "An act relating to and providing for a Court of Appeals," which act, they aver, is still in force and binding upon defendant.   They further aver that said act of March 14, 1898, is in violation of section 51 of the Constitution, in this: That it does not set forth in full the section of the law intended to be amended and re-enacted, and the title of the act does not state the object and purpose of the act.   They further say that said act is contrary to natural right and justice, and is intended to forever prevent them and all

voters in Whitley county from voting for a judge of the Court of Appeals, and for this reason said act is unconstitutional. They say that Whitley county has been changed from one district to another for this purpose for more than ten years past, in such a way as to prevent the voters thereof from voting for a judge of the Court of Appeals; that, if said act is upheld, they may, and doubtless will, be forever prevented from voting for such judge. Wherefore they pray as in their petition. And to the reply a rejoinder was filed, which is, in substance, as follows: The defendant, for rejoinder to reply of plaintiffs, denies that said act is in conflict with section 116 of the Constitution, or is therefore void; denies that, under said section of the Constitution, the General Assembly can not change the Court of Appeals district within ten years of the passage of the act of June 17, 1893, entitled "An act relating to and providing for a Court of Appeals;" denies that said act is still in force or binding upon defendant; denies that said act is in violation of section 51 of the Constitution; denies that it is contrary to natural right or justice, or that it is intended to forever prevent any citizen of Whitley county from voting for a judge of the Court of Appeals; denies that said act for this reason is unconstitutional; denies that changes of Whitley county from one district to another were for the purpose of preventing them from voting for a judge of the Court of Appeals; wherefore he prays as in his answer.

The case was submitted upon the pleadings, and the court below adjudged that the act of March 14, 1898, was unconstitutional and void, and awarded the relief prayed for by the plaintiffs, and from that judgment the appellant prosecutes this appeal.

It is insisted for appellant that the act in question is

constitutional, and that it is not in conflict with section 116 of the State Constitution; while the contention of appellees is that the act in question is unconstitutional, and in violation of section 116 of the present State Constitution, which section reads as follows: "The judges of the Court of Appeals shall be elected by districts. The General Assembly shall, before the regular election in eighteen hundred and ninety-four, divide the State, by counties, into as many districts, as nearly equal in population and as compact in form as possible, as it may provide shall be the number of judges of the Court of Appeals; and it may, every ten years thereafter, or when the number of judges requires it, redistrict the State in like manner. Upon the creation of new or additional districts, the General Assembly shall designate the year in which the first election for a judge of the Court of Appeals shall be held in each district, so that not more than the number of judges provided for shall be elected, and that no judge may be deprived of his office until the expiration of the term for which he was elected." The Legislature, by an act of the General Assembly approved June 17, 1893, proceeded to discharge the duty devolved upon it by the section supra, and divided the State into seven Appellate Court districts, and provided for an election of judges in the several districts so laid off, and provided that the Third district should be composed of the counties as stated in the petition. It will be seen that the act of March 14, 1898, attempted to change the boundary of the Third district by taking therefrom the county of Whitley, and adding it to the Fifth Appellate Court district; or, in other words, proposes to amend the fourth section of the act of June 17, 1893, by providing that the counties heretofore referred to, except Whitley, should constitute the Third Appellate Court district. The act of 14th of

March, 1898, also so amended the eighth section of the act
of June 17, 1893, as to exclude therefrom the counties of
Bell, Harlan, Leslie, Perry, and Letcher, and in like man-
ner amended section 6 of the said act of June 17, 1893, by
adding the counties last named and Whitley county to the
Fifth Appellate Court district.

The question presented for consideration is whether the
act in question, to wit, the act of March 14, 1898, is in
violation of section 116 of the present State Constitution.
It will be seen that the Legislature was authorized and re-
quired to provide for the election of not less than five nor
more than seven judges of the Court of Appeals, and that
they were required to divide the State into districts for the
election of such judges, and that the Legislature proceeded
to discharge that duty as aforesaid; and it is the contention
of the appellees that after the State was divided into dis-
tricts, as provided for in section 116, no further change in
the districts could be made until ten years from June 17,
1893. It will be observed that the term of a judge is eight
years, and that three of the judges are elected biennially,
while four are elected at the same time. It will thus be
seen that, if there can be no change in any district for the
space of ten years, all of the citizens of the State will at
some time have the privilege of voting for a judge of the
Court of Appeals; and, in like manner, all citizens other-
wise qualified may have the opportunity to be voted for, for
that office. But, if the Legislature can at each biennial
session change the boundary of part of the districts, it will
be within the power of the Legislature to perpetually pre-
vent many thousand voters from having the privilege of
voting for a judge of the Court of Appeals, and in like
manner prevent many citizens from having an opportunity
to be elected to that high and responsible office. We can

not believe that the framers of the Constitution intended to, or ever did, invest the Legislature with such a power. We think this provision in section 116, "and it may, every ten years thereafter, or when the number of judges require it, redistrict the State in like manner," is a prohibition upon the power of the Legislature to redistrict, or in any manner change the boundary of any district theretofore in existence, until after the expiration of ten years from the last districting or redistricting of the State, and that any attempt to do so is in conflict with the section supra of the Constitution. We are therefore of the opinion that the act of 14th of March, 1898, heretofore referred to, is unconstitutional, null, and void. The judgment appealed from is therefore affirmed.