## Whitehead v. Fulton, et al.

(Decided April 23, 1920.)

### Appeal from Nelson Circuit Court.

Partition—Action for Sale of Land—Attorneys' Fees—Liability of Joint Owner, Who Has Employed Counsel, to Pay for Counsel Employed by Others.—One jointly interested cannot be compelled to pay for counsel employed by others, when he has himself employed counsel to represent his interest.

J. F. COMBS for appellant.

F. E. DAUGHERTY for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Granting the appeal and reversing.

Lloyd Shawler, a resident of Nelson county, died in the year 1900, leaving a will by which he devised his home farm, containing 138 acres, to his three children, Mary A. Whitehead, Ignatius Shawler and Josephine Shawler, in equal parts. The will further provided that should either Ignatius Shawler or Josephine Shawler die without issue, the share of such child was to pass to Mary A. Whitehead, on condition that she lived with and took care of such child so long as such child lived, otherwise to pass to his heirs *per stirpes*.

Both Ignatius and Josephine died without issue, the former in the year 1915, and the latter in the year 1917. After their death, the other heirs of the testator, alleging that Mary A. Whitehead had not complied with the conditions upon which she was to take the interest of her brother and sister, and alleging that their interest had passed to plaintiffs, brought suit to sell the land and divide the proceeds, on the ground that they and defendant were joint owners thereof in possession, and the land could not be divided without materially impairing its value. The chancellor adjudged that Mary A. Whitehead was the owner of the one-third of the property devised to her brother, Ignatius, but that she had not complied with the terms of the will as to her sister, Josephine, and that the latter's interest passed to the testator's heirs at law. It was further adjudged that the land be sold. From that part of the decree adjudging that Mary A. Whitehead became vested with the title to the interest of her brother, plaintiffs appealed, and the judg-

ment was affirmed. Greenwell v. Whitehead, 184 Ky. 74, 211 S. W. 411.

On the return of the case plaintiffs' attorneys were allowed a fee of $350.00, payable out of the proceeds of the sale. From that judgment Mary A. Whitehead has prayed an appeal.

Since the allowance to plaintiffs' attorneys was a charge upon the entire estate, the effect of the judgment was to require appellant to pay seven-ninths of the fee. We find no basis for sustaining the allowance so far as appellant is concerned. Throughout the entire litigation she was represented by counsel of her own selection, and the case falls within the well established rule that one jointly interested cannot be compelled to pay for counsel employed by others, when he has himself employed counsel to represent his interest. Thirlwell v. Campbell, 11 Bush 163; Dougherty v. Cummings, 20 Ky. L. Rep. 1948, 50 S. W. 551; Sims v. Birdsong, 22 Ky. L. Rep. 1049, 59 S. W. 749; Bailey v. Barclay, 109 Ky. 636, 22 Ky. L. Rep. 1244, 60 S. W. 377.

Wherefore the appeal is granted, the judgment reversed and cause remanded for proceedings consistent with this opinion.