## Bettes et al. v. Rogers et al.
### Oct. 31, 1939.

Marshall P. Eldred, James G. Ratliff, George O. Eldred and Frank R. Guinn for appellants.

Frederick Olszewski and Charles A. Pepper for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

Under the will of J. D. Rogers, deceased, which was probated on January 12, 1926, it was provided that his personal property and a vacant lot be sold and the balance of proceeds therefrom, after paying his debts and

erecting certain monuments and markers, be invested in government bonds and the interest on same and the revenue derived from rentals of the other real estate go to his sister, Sallie Rogers, for life; that at her death all his property go back to his estate to be divided between his lawful heirs except his nephew, Malloy Blakely, who would receive no part thereof; that his home and the furnishings might be sold and the proceeds invested in bonds or might remain as they were in the discretion of his sister, Sallie Rogers; that should either of his brothers, John H. Rogers or Will F. Rogers, become disabled, his sister, Sallie Rogers, should take care of them and if she found the income of the estate insufficient to support herself and her brothers, should they become disabled, then she might dispose of the bonds and use the proceeds for that purpose. She was given full control of the estate without bond. Sallie Rogers was appointed executor and acted as such until her death in July, 1937. Thereafter the Farmers National Bank of Princeton was appointed administrator with the will annexed of the estate of testator.

Will F. Rogers, a brother of testator, instituted this action against the other heirs at law of the testator and the Farmers National Bank, hereinafter referred to as the bank, as administrator with the will annexed, setting up the foregoing facts and alleging that on the death of Sallie Rogers the real property belonging to the estate of testator vested in testator's heirs, three of whom took an undivided one-fourth each and number of the others jointly an undivided one-fourth. He set up and described three parcels of real estate owned by the testator and alleged that they could not be divided without materially impairing their value or the value of his interest therein; that there was sufficient personal estate in the hands of the administrator to pay all debts of the estate and that there were no debts except expenses of administration; that the real property consisted of a residence and two pieces of business property and required management, collection of rents, upkeep, etc., and that a receiver should be appointed for that purpose pending the action until the property could be sold under proper orders of the court; that friction had arisen between plaintiff and the bank as administrator with the will annexed and by reason thereof the bank should not be appointed such receiver; that the bank had wrongfully and unlawfully collected rents accruing from the real

estate and was holding and refusing to pay same over to him and the other heirs entitled thereto under the will. He prayed for judgment and order of sale of the property and after payment of costs, expenses incurred and a reasonable attorney's fees, for division of the proceeds among the heirs according to their respective interests; that a receiver be appointed to manage the real estate, collect the rents therefrom, pay the taxes, insurance and necessary upkeep, holding the balance subject to orders of the court; that the bank be required to account for and to pay over rentals which it had collected.

The court appointed Dr. B. L. Keeney, who was the master commissioner and receiver of the court, as receiver to preserve the real property, secure a tenant for the dwelling house, collect rents accruing from the various parcels, pay the taxes and insurance thereon as they became due and hold the balance of rentals collected subject to future orders of the court.

On final hearing plaintiff was granted the other relief sought in his petition and the commissioner was directed to sell the property and take bonds payable to him for the use and benefit of those concerned. The receiver appointed under orders of the court to take charge of the property, collect rents, etc., filed a statement of his accounts as receiver showing that he had collected rents in the sum of $2,038.34 and had received from the bank rents collected by it in the sum of $241.52, making a total of $2,252.86; that he had disbursed in 28 items, including distribution to various heirs, the sum of $1,361.24, leaving a balance of $981.62 in his hands. He asked for an allowance as receiver to be taxed as costs; and the attorney for plaintiff asked for an allowance of $3,000 to be taxed as costs. On hearing of these motions for allowances the court ordered that the receiver be allowed the sum of $1,750 and that the attorney for plaintiff be allowed the sum of $2,000 for instituting and prosecuting the action, which sum should be taxed as costs. To all of which defendants objected and excepted and their exceptions being overruled, they have prosecuted this appeal.

In his sworn statement in support of his claim for compensation for his services, the receiver, in addition to what he had done in caring for and renting the property as directed by orders of the court, stated that in securing the services of an auctioneer to conduct the

decretal sale he had made a number of trips to a neighboring town; that he had given much time and effort in contacting prospective buyers and in interesting people in the sale; that due to his efforts interest was created and the bidding spirited and the property sold for a sum largely in excess of that at which it was appraised.

The master commissioner and receiver of the circuit court is entitled to fees fixed by Section 1740, Kentucky Statutes, for selling land under orders of the court and for collecting and distributing the proceeds when the bonds are payable to him. The court has no discretion in the matter of fixing such fees and is not authorized to allow more than the fees fixed by that section. See cases in notes cited under that section. Clearly, the statutes contemplated that the commissioner will sell property under orders of the court and no provision is made for paying an auctioneer employed by him to make such sale. It is therefore obvious that in the absence of an agreement of the parties the court was not authorized to allow him compensation for such additional services. However commendable and valuable his services may have been in creating interest in the sale, the law makes no provision for paying him for such services. The court was authorized to make a reasonable allowance for extraordinary services of the receiver appointed to look after the property and to collect and disburse the rents, but in this instance the amount allowed the commissioner practically consumed the entire rents collected by him. His sworn statement shows that he acted as receiver for 298 days but it does not show how many days he was actively engaged in the discharge of his duties. It is certain, however, that a very small portion of that time was required in looking after the upkeep of the property and in collecting and disbursing rentals. It is our conclusion that $250 would be ample compensation for his services in this particular. In addition to this, of course, Dr. Keeney, as master commissioner and receiver of the court, is entitled to fees fixed by statute for selling the property and collecting and distributing the proceeds.

Concerning the services rendered by attorneys for plaintiff, we find that the bank attempted to have the order appointing a receiver to look after the property set aside and a hearing was had on that question. Defendants filed answer admitting that the real estate could not be divided without impairing its value and that

it could not be divided at all but alleged that they did not desire that it be sold at a decretal sale under the then depressed conditions of the real estate market; that it could be sold to greater advantage at a private sale, and costs and expenses would thereby be saved. They further alleged that under the will the bank as executor with the will annexed had implied authority to sell the property and that the decree for the sale was unnecessary. By reply and agreement the affirmative allegations of the answer were controverted of record.

By supplemental petition plaintiff set up the provisions of the will directing that Sallie Rogers take care of him and his brother John H. Rogers out of the estate in the event they should become disabled and alleged in substance that at all times after the death of the testator he had been disabled and destitute and was entitled to reasonable support from the income of the estate or from the principal, if necessary, and that Sallie Rogers made no provision for his support or maintenance for a period of 10 years in which he was so disabled; that the sum of $1,000 per year would have been reasonable for his support, which sum should have been paid him by Sallie Rogers as executor; that he had made claim for $10,000, properly proven as required by statute and presented same to the bank as executor with the will annexed for payment but it had refused to pay same. He prayed that judgment for that sum be paid out of the estate. His claim was resisted by appellants and their demurrer to the supplemental petition was sustained. It appears in the record that appellants had employed counsel of their own to represent them in the litigation and had contracted to pay them for their services.

In support of their contention that the court erred in allowing appellees' attorney a fee to be taxed as costs when appellants were represented in the litigation by attorneys of their own selection, appellants cite Thirlwell's Adm'r v. Campbell's Guardian, 74 Ky. 163, 11 Bush 163; Lang et al. v. Constance et al., 46 S. W. 693, 20 Ky. Law Rep. 502; Dougherty v. Cummings' Adm'r, 50 S. W. 551, 20 Ky. Law Rep. 1948; Sims v. Birdsong's Adm'r, 59 S. W. 749, 22 Ky. Law Rep. 1049; Bailey's Adm'rs v. Barclay, 109 Ky. 636, 60 S. W. 377, 22 Ky. Law Rep. 1244; Fristoe et al. v. Gillen, 80 S. W. 823, 26 Ky. Law Rep. 149; Whitehead v. Fulton, 187 Ky. 717, 220 S. W. 531; Wainscott v. McBroom, 203 Ky. 634, 262 S. W. 921. To sustain their opposite views counsel for

appellees cite and rely on Sections 489 and 889, Kentucky Statutes, and the cases of Hall v. McKee, 147 Ky. 841, 145 S. W. 1129, Louisville Presbyterian Theological Seminary v. Botto, 117 Ky. 962, 80 S. W. 717, 25 Ky. Law Rep. 2137, and some of the cases cited and relied on by appellants.

In the Thirlwell case, supra, the guardian of Charles and Robert Campbell brought suit against his wards and other heirs of C. C. Thirlwell, deceased, seeking a sale of several parcels of real estate which had descended to them from deceased and also to surcharge a settlement made by the administrator of deceased. It appears that none of the parties resisted the sale and in fact all desired a sale of the real estate; that three of the heirs who owned a one-eighth interest each of the entire estate were represented by their own attorneys while plaintiff and his wards were represented by the attorneys who brought the suit and other parties having an interest had no attorney specifically employed. Plaintiff's wards and one of the heirs desired to surcharge the settlement made by the administrator, but the others were indifferent or opposed to that matter. The widow to whom no dower right had been assigned until after the institution of the action had collected rents and on motion of plaintiff and through effort of his counsel a special receiver was appointed to take charge of the property and collect the rent. It appears that this was without the consent of any of the heirs except plaintiff's wards. Under final judgment the real estate was sold for over $25,000. The administrator's settlement was surcharged so as to reduce credits allowed him by more than $2400 and approximately $400 was realized from rents.

After hearing evidence on a motion of plaintiff for an allowance to pay the fee of his counsel, the court made an allowance of $1,250 for that purpose to be paid out of the general fund. All of the defendants except plaintiff's wards objected to the allowance and prosecuted an appeal to this court contending that the court erred in allowing a fee to be paid out of the common fund, or if they did not, that the allowance was too large.

This court in an opinion rendered by Judge Cofer set out an act of March 1, 1860, which in all material respects is exactly the same as Section 489 of our Statutes. The opinion also referred to an act amending the act of 1860 so as to include within its provisions suits for the

sale of real estate jointly owned by several persons when such suit was prosecuted by one or more of the joint owners and a sale thereof procured. In construing the act with reference to whether a fee should be allowed the attorney in such cases to be paid out of the common fund when defendants or some of them were represented by attorneys selected and employed by themselves, it was said:

"Appellee insists that under these acts he has a right to have his counsel paid out of the general fund; yet his counsel in their argument concede that several of the distributees thus sought to be charged with fees were indifferent to the result, if indeed they were not opposed, as some of them certainly were, to the efforts made by plaintiff to surcharge the settlement which involved the principal amount of labor done by his counsel in the case.

"We construe these acts as applying only to such parties as are not represented in the case by attorneys selected and employed by themselves.

"The facts in this record will illustrate the injustice and unsoundness of such construction as is contended for.

"T. C. Thirlwell selected and employed his own attorney, as did the representatives of William Thirlwell. They were not bound to confide their interests in the case to counsel selected by appellee, but were forced by this construction of the act to do so or to pay their own attorneys out of their shares, and also to aid in paying the counsel for the appellee. In the case of Mrs. Thompson, whose husband was the administrator, the injustice is still more striking, for she has been forced to pay one eighth of counsel fees for litigating with her husband a matter which she and five other distributees seem not to have desired to contest.

"None of the parties interested except appellee seem to have desired the appointment of a receiver, but on the contrary to have been opposed to it, yet they were required to pay for this also.

\* \* \* \* \*

"The other parties in interest were known to the appellee Campbell and his attorneys to be opposed to disturbing the widow in the enjoyment of

the property, and we can not yield our assent to a construction of the statute which will enable one person to involve others in litigation against their known wishes and then charge them with counsel fees on the ground that attorneys have served them in spite of themselves. The statute, in our opinion, never was intended to compel one joint owner of an estate to pay counsel for services rendered against his wishes at the instance of another joint owner, but was intended to apply to that class of cases where all had a common interest and a part, without objections from the others, prosecuted suits for their joint benefit.

"The construction contended for by counsel would open the door to abuses not contemplated by the legislature as within the range of the acts, and which would be mischievous in the extreme.

"Such a construction would produce results detrimental both to the bar and to the general public, for under it the party who would be the first to commence an action would be entitled to have the whole of his counsel fees paid out of the common fund, although he might be the only one who desired suit to be brought, or desired the services of the attorney he might employ."

So far as the construction of Section 489 of the Statutes is concerned, we deem it unnecessary to discuss other cases cited by counsel for appellant except to, say that an examination reveals that the holding in the Thirlwell case, supra, has been consistently followed by this court.

Section 889 of the Statutes relates to the right of parties to actions with respect to costs and the latter portion of that section reads:

"* * * Defendants who are not necessary parties shall recover their costs, but in actions between parceners, tenants in common, joint tenants, and for settling the distribution and division of deceased persons' estates, and to settle partnerships, and to settle or enforce trusts, courts shall have a judicial discretion in regard to costs."

A number of cases cited and relied on which follow the Thirlwell case have been decided since the enactment of Section 889 and while some of them made no

specific reference to that section they apparently assumed that it made no change in the rule. However, in the case of Lang v. Constance, supra, which was a suit for partition of lands jointly owned, a fee was allowed to attorneys for the plaintiff to be paid by all parties jointly in proportion to their interest. It appears that some of the parties employed counsel of their own and objected to the partitioning. In reversing the judgment as to the allowance of attorney's fees to be paid by all parties it was said [46 S. W. 694, 20 Ky. Law Rep. 502]:

> "We know of no statute as to the costs of partition save subsection 13, Section 499, Civil Code, and Section 889, Kentucky Statutes. These sections authorize the court to apportion the costs, exercising a judicial discretion. This, in view of the general practice since 1860, has been held to include a reasonable attorneys' fee; but we are of opinion it would be an abuse of judicial discretion to compel a party to an action for partition, who opposes partition, and has counsel representing him, to be compelled to contribute to pay fees of opposing counsel."

The Hall and Botto cases cited by appellees are not out of harmony with the contention of appellants but are in harmony with that part of the opinion in the Thirlwell case, supra, wherein it is said:

> "So far as those parties are concerned who were not represented by attorneys selected by themselves, we think the services rendered by the counsel for the appellee in procuring a sale of the real estate and in surcharging the settlement fall within the provisions of the statutes supra, and for such services they should be paid out of the common fund."

In the Hall case it is said [147 Ky. 841, 145 S. W. 1130]:

> "* * * the fees of attorneys employed to obtain a partition of land, where there is no contest and nothing to be done, except partition, are properly taxable as part of the costs of the action."

In the Botto case a part of the devisees under the will at great expense and cost succeeded in an action contesting two codicils to the will. The other devisees who received common benefits resulting from the contest participated in no way in the expense of the prepa-

ration or trial of the contest. It was held that a fee allowed attorneys who instituted and prosecuted the case should be paid out of the common fund.

Applying the authorities cited to the circumstances shown, it is obvious and we are constrained to hold that the court was not authorized to tax as costs of the action any fee for appellees' attorney.

Wherefore, the judgment or order appealed from is reversed with directions to set it aside and to enter judgment in conformity with this opinion.