## Goodwin's Ex'r et al. v. Goodwin et al.

Feb. 5, 1946.

Stoll, Muir, Townsend, Park & Mohney for appellants.

King Swope for appellees.

OPINION OF THE COURT BY MORRIS, COMMISIONER—Affirming.

This appeal by the executor and trustee under the will of George E. Goodwin, against the widow and her counsel, involves the question of allocation of a portion of a fee allowed by the court. At the conclusion of a long drawn out litigation the chancellor adjudged that counsel be allowed a fee of $750, Mrs. Goodwin to pay $250, the balance to be paid by the fiduciary out of funds

due the beneficiaries after the widow has received her dower share.

Appellants are not conplaining that the fee is unreasonable, or that services were not rendered, but that such "were primarily for the benefit of his client, Mrs. Goodwin, resulting in incidental advantage, if any, to the George Goodwin Estate." It also argued that even if the legal services rendered benefited others interested, the estate could not be taxed further than to the extent of and in proportion to funds recovered before distribution, citing (as relied upon by appellee) KRS 30.200 and 412.070, and for appellant, Gernert v. Liberty Nat. Bank & Trust Co., 284 Ky. 575, 145 S. W. 2d 522. We shall first take up the last contention.

The first section does not seem to have application to the case at hand, since it provides for a lien in favor of an attorney for money or property recovered in an action. There is no lien involved here, and the only application would be as to reasonableness of the fee, which is not to be judged alone by the amount recovered. The other section in substance provides, that in actions for settlement of estates, or for the recovery of money or property held in joint tenancy, coparcenary, or by tenants in common, if one of the parties in interest prosecutes for the benefit of others interested, and has been at trouble and expense, the court may allow reasonable compensation for expense and trouble in addition to the fees and costs, and the allowance shall be paid out of the funds recovered before distribution.

The argument of counsel seems to be that appellee's fee was to be based merely on the amount brought into the estate from rentals due the estate by Goodwin Brothers, who occupied some of decedent's property under a lease. The answer and counterclaim filed by Mrs. Goodwin set up the failure of the tenant to have paid certain rent, and whether absolutely necessary or not the effort brought into the hands of the executor rentals which had accrued. The record shows that the tenants came into court and paid $2,258.35, of which $1,110 was paid to Mrs. Goodwin, the balance to the executor, leaving any balance which might be due for the determination of the court.

The argument is, that since Goodwin Brothers admitted that it owed $1,158.36, the actual net recovery to

the estate would be only $579.18, and if counsel's allowance should be paid the balance in executor's hands would only be $79.18. This argument goes rather to amount than allocation, and we can see no reason why the fee in this respect should not, as it was in the case of other counsel, who represented certain of the devisees, be chargeable to the funds in the hands of the fiduciary. No complaint seems to be made to the other allowance mentioned, payable out of the estate, except in the lower court.

When we come to the question as to whether any part of the adjudged fee should be chargeable to the estate, or the shares of other devisees, we have a little more difficult question, due perhaps to the pro and contra decisions of the court on the question, arising from the variance in facts in each particular case. As exemplary, one of the strongest cases cited by appellant is Thirwell's Adm'r v. Campbell, 74 Ky. 163, 11 Bush 163. A reading of that case would lead one to the conclusion that no matter how much service rendered by counsel of one interested party redounded to the benefit of the others, his claim could not be paid out of a common fund. It is not necessary to say more than that in recent years, that rule, if it were the rule, has been broadened. Another case, Lay v. Lay, 201 Ky. 93, 255 S. W. 1054, cited by appellant, held that where the suit was in form a suit to settle the estate, but in reality an action to recover on two contested claims ''and the services performed by attorneys were for the benefit of their clients,'' fees were not allowable from a common fund. This is hardly the case here. One of the latest cited cases is Smith v. First National Bank of Williamson, 287 Ky. 609, 154 S. W. 2d 705, 706. There the court allowed an attorney's fee of $500 taxed ''as * * * cost in this action.''

Counsel had brought a suit for recovery on certain notes, adjudication of liens, and to set aside an alleged fraudulent conveyance. ''There was no prayer for settlemen of the estate or anything incident thereto.'' Appellee relied upon the line of cases allowing fees to attorneys for securing a settlement of the estate. We disallowed the allocation to costs, holding the case to be within the rule where a suit is primarily to collect a debt of plaintiff and ''does not redound to the benefit of the estate or other litigants,'' who had their own lawyers.

As supporting appellee's claim that his services, while benefiting his client, nevertheless were beneficial to all parties in interest, several cases are cited. Smith v. Graham, 274 Ky. 144, 118 S. W. 2d 194, is one, and without going into details as to the status of the claimants, we think the rule announced therein and other cases cited in support comes nearer to applying on the facts here presented than those cited by appellants. In that case we distinguished Lay v. Lay, 201 Ky. 93, 255 S. W. 1054, and found it to be a case wherein it was obvious that the action was one for final settlement of the estate and a distribution to those entitled, and for the benefit of the defendant as well as plaintiff. It was pointed out in that case, quoting from Taylor v. Taylor, 223 Ky. 499, 4 S. W. 2d 752 that under KS 889 (now KRS 453.040) that in allocation of costs the chancellor had broad discretion, not to be challenged by this court unless abused. Chiles v. Robinson, 224 Ky. 71, 5 S. W. 2d 269; Ohio Valley Banking & Trust Co. v. King, 238 Ky. 712, 38 S. W. 2d 663.

Mr. Goodwin at his death owned a sizeable estate, the greater portion being valuable city real estate. He made cash bequests of $15,000 and stocks, the residue not estimated. Testator had no children. The wife was bequeathed $5,000 cash, 50 shares of Goodwin Bros., Inc., stock; there were specific bequests to a sister, the mother, and a devise of life estate in real property to a brother, with remainder to a niece and nephew. The residue was in trust to his wife, then to a niece and to nephews. Mr. Goodwin died in November, 1940, and in the same month the will was probated. In January, 1941 Mrs. Goodwin renounced and elected to take her legal distributable share. In July the fiduciary, all devisees joining, filed suit asking for the allotment of dower. It appears from the record that the petition did not set out all of the real estate owned by Mr. Goodwin at his death, nor the interests of the various parties. The pleading of Mrs. Goodwin later filed, set out and described all tracts accurately, though deeds had been filed describing the various tracts, in response to Mrs. Goodwin's motion to comply with a court rule.

Following the filing of the petition Mrs. Goodwin filed a lengthy answer, counterclaim and cross-petition, in which she set out specifically the properties and the

rights of the various parties. She alleged that there was due the estate some $3,000 or more from lessees of certain city properties. She alleged that the properties were not susceptible of division without impairment to the value of her interest and the interests of the devisees. The pleading sought judgment for rentals due, for a sale of the properties, and allotment of her distributable share. There were demurrers, motions to strike, etc., rulings on which are unimportant. Both counsel for the Trust Company and devisees filed answer, raising some issues, but in the main agreeing that the property was not fairly divisible, and joining in prayer for a sale. There was an answer by the lessees, but this did not raise any issue, though raised in a later pleading by Mrs. Goodwin. Without going further into pleadings, all issues of materiality were closed by a reply of the fiduciary, which in substance set up in detail facts which had theretofore been plead by Mrs. Goodwin and counsel for devisees.

The upshot of the long drawn out litigation was an agreed order fixing rights of parties, adjudication of Mrs. Goodwin's dower interest; directing the master commissioner to sell the properties and report. Following this there was an agreed order under which Mrs. Goodwin was to be paid a fixed cash sum representing her interest, and no sale of the properties was had. Then followed motions for allowances of fees to appellee Swope, and counsel for devisees, to both of which objections were vigorously pressed by the fiduciary, all of which, together with numerous affidavits, built up quite a good part of the transcript.

A survey of the record, including affidavits as to time and effort expended by appellee, leads to the conclusion that he did as much in whipping the matter into shape for the sale of the properties, an accounting and final settlement of the estate (if such became necessary), as did counsel for other parties; all had a hand in it, and though there appears to have been duplication, and perhaps triplication of effort and work, it is not for us to say wherein this fault, if a fault, lay. The chancellor was in better position to judge of this matter, and as pointed out, was vested with broad discretion not only as to amount but allocation. That there was much work to be done by somebody is evidenced by a statement of counsel for the fiduciary, the only complainant filing

brief. Counsel for executor had agreed to and collected a fee of $500 which was paid as the case progressed. They say in their objection to allowance of fees to other attorneys, "We never would have agreed to a fee of only $500 if we had known at the outset of the work to be done," though they thought the fee just and reasonable. We agree as to the "bad practice" of fixing fees in advance of services in this character of case.

Having in mind that the fixing of counsel fees, as well as the allocation of costs, is in the judicial discretion of the court, and since the chancellor sat through the case from beginning to end, we think he was in better position to determine whether or not the services, "primarily" for the benefit of Mrs. Goodwin, redounded to the benefit of other parties in interest. We are only to determine whether or not his conclusion abused his vested discretion. Our opinion is that it did not.

Judgment affirmed.