## Croley et al. v. Adkins et al.

June 20, 1947.

Rehearing denied November 21, 1947.

Edwin R. Denney, Judge.

766

W. B. Morrow for appellants.

Bethurum & Neikirk for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Affirming.

This appeal involves a controversy over the allowance of attorney fees in a suit for the sale of land owned jointly by appellants Nannie Croley and Mattie Elliott (hereinafter referred to as "defendants") and appellee Maria Adkins (hereinafter referred to as "plaintiff"). Defendants are represented by attorney W. Boyd Morrow and plaintiff is represented by attorneys Bethurum & Neikirk. These attorneys have made themselves parties to this appeal.

On November 11, 1946, Bethurum & Neikirk filed suit on behalf of plaintiff against defendants for the purpose of selling several tracts of land in Pulaski County owned jointly by these three parties. Each party owned an undivided one-third interest, and the action was brought under Section 490, sub-section 2, Kentucky Civil Code. Defendants filed an answer and cross-petition which admitted: (1) the property was owned jointly as alleged in the petition, (2) it was in possession and could not be divided without materially impairing its value, and (3) it should be sold. The cross-petition asserted that certain large tracts of land should be divided and offered for sale in smaller parcels. Thereafter the parties pleaded back and forth, with numerous references to attorneys' fees and against whom they should be taxed.

Eventually on January 15, 1947, the parties entered into an "Agreed Judgment and Order of Sale" which provided among other things for the partition of certain lands. Thereafter the property was sold for approximately $45,000. The real estate partitioned was valued at $20,000.

Subsequently defendants' attorney moved the Court for the allowance of an attorney's fee to be taxed as

costs against the two defendants he represented, and later plaintiffs' attorneys moved for an allowance of an attorney's. fee to be paid out of the general fund in Court. The Court allowed an aggregate fee of $2,500 to be paid out of the general fund, and adjudged that plaintiff's attorneys should receive $1,500 of said sum and defendants' attorney should receive $1,000 of said sum.

Attorneys for both sides excepted to this order and both prayed an appeal to this Court.

Defendants' attorney insists that it was improper to allow plaintiff's attorneys any fee out of the general fund because of the fact that defendants were represented by their own counsel. On the other hand, plaintiff's attorneys object to allowing defendants' attorney anything out of the general fund because throughout the pleadings in the case he has insisted that his fee be taxed as part of the costs only against the two defendants he represented. It seems to be conceded by counsel for both sides that under Sections 412.070 and 453.040, Kentucky Revised Statutes, it is proper in this type of case for the Chancellor to allow an attorney fee as part of the costs and charge it against the general fund in Court where only one attorney is employed. Counsel for defendants only objection is that his clients should not be compelled to pay a part of plaintiff's attorney fee since they had their own independent counsel. As a general rule, defendants' position is sustained by a number of decided cases. Collins v. Hudson's Adm'x, 282 Ky. 810, 140 S. W. 2d 365; Bettes et al. v. Rogers et al., 281 Ky. 118, 135 S. W. 2d 74; Howard et al. v. Carmichael et al., 237 Ky. 462, 35 S. W. 2d 852; Whitehead v. Fulton, et al., 187 Ky. 717, 220 S. W. 531, and Bailey's Adm'rs v. Barclay, 109 Ky. 636, 60 S. W. 377.

We have reviewed these cases, and it appears evident that in all of them substantial issues were raised and there was a real controversy between the parties. Obviously it would be inequitable to compel a party to a law suit to pay his adversaries' attorney fee when there was an actual conflict of interest.

In our opinion the rule does not apply in the present case for the reason that the parties were not engaged

in a truly adversary proceeding. While there were a number of pleadings on both sides, plaintiff and defendants and their counsel had identically the same objective in view and their interests in no way conflicted. As noted heretofore, the judgment in the case settling all matters (except attorneys' fees) was agreed to by counsel for all interested parties. It seems clear from the record in this case that defendants' counsel and plaintiff's counsel together represented the three owners of the property involved and together they succeeded jointly in accomplishing the results from which all three parties benefited. Therefore, we see no impropriety in the Chancellor's determination that the entire attorneys' fee should be charged against the fund in Court, and allocated on the basis of services performed.

In Goodwin's Ex'r et al. v. Goodwin et al., 301 Ky. 526, 192 S. W. 2d 493, where a suit was brought by an executor and trustee for the allotment of dower, the widow of the deceased employed her own counsel to protect her interests. By answer, counterclaim and cross-petition, she raised several issues, including the necessity for sale of certain lands. Eventually an agreed order was entered fixing the rights of the parties and directing a sale. The Chancellor allowed the widow's counsel a fee and adjudged that the major portion thereof be taxed against the estate. The executor and trustee complained that this attorney represented her interests, and any benefit to the estate was incidental.

We pointed out in this opinion that the widow's counsel had actively participated in litigation which resulted in an agreed order adjudicating various property rights, and in effect he furnished services for all parties to the litigation. The opinion concluded, at page 531 of 301 Ky., at page 495 of 192 S. W. 2d: "Having in mind that the fixing of counsel fees, as well as the allocation of costs, is in the judicial discretion of the court, and since the chancellor sat through the case from beginning to end, we think he was in better position to determine whether or not the services, 'primarily' for the benefit of Mrs. Goodwin, redounded to the benefit of other parties in interest. We are only to determine whether or not his conclusion abused his vested discretion. Our opinion is that it did not." See also 40 Am.

Jur., "Partition," Section 94, page 92; and Capuccio v. Caire, 207 Cal. 200, 277 P. 475, 73 A. L. R. 8, at page 16.

As in the Goodwin case, we have concluded that the Chancellor was authorized to allow an attorney's fee out of the general fund and require all parties to contribute thereto. Such determination appears eminently fair since each of the three interested parties sharing 1/3 of the proceeds charged with 1/3 of the total fee.

The remaining questions relating to the excessiveness of the allowance and the right of defendants' counsel to the allocation of $1,000 require but brief consideration. Section 453.040, Kentucky Revised Statutes, authorizes the lower Court to exercise "a judicial discretion in regard to costs." As stated in the Goodwin case, hereinabove discussed, at page 530, of 301 Ky., at page 495 of 192 S. W. 2d: "The chancellor was in better position to judge of this matter, and as pointed out, was vested with broad discretion not only as to amount but allocation."

Considering the entire record, we do not find that the Chancellor abused his discretion in either the amount of the allowance or the allocation of $1,500 to plaintiff's counsel and $1,000 to defendants' counsel.

The judgment is affirmed.