## Cambron v. Pottinger et al.

December 3, 1948.

Rehearing denied April 29, 1949.

Jos. W. Cambron for appellant.

Harris & Drury for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is an appeal from an order of the Union Circuit Court denying the appellant, Joseph W. Cambron, a fee for services claimed to have been rendered by him in certain litigation involving the settlement of the estate of his great-uncle, W. T. Wathen, deceased. Appellant has filed a brief, two additional briefs, and two reply briefs. It is his contention that he performed services beneficial to the estate and, therefore, is entitled to a fee to be charged against the general fund.

A proper understanding of the issue requires a brief history of the case. W. T. Wathen, when about 62 years of age, married Miss Mayme Pottinger. They had no children, and on March 3, 1931, when he was 81 years of age, all of his real estate, consisting of a 281-acre farm in Union County and a house and lot in Morganfield, was conveyed to a trustee who immediately con-

veyed it to Mr. and Mrs. Wathen to be held by them as joint tenants, and upon the death of one the whole was to go to the other for his or her natural life and upon the death of the survivor one-half of the property was to go to the heirs of Mr. Wathen and one-half to the heirs of Mrs. Wathen. By a writing executed on the same day, a like disposition was made of Mr. Wathen's personal property. On February 16, 1934, Mr. Wathen executed a will which gave all of his property, real and personal, to his wife for life, and at her death, after the payment of a specific bequest of $1,000 to St. Anne's Church, one-half of the remainder to his heirs and one-half to the heirs of his wife. He had purchased a lot in Morganfield subsequent to the execution of the deed on March 3, 1931. W. T. Wathen died in 1935, and a contest of the will was instituted by some of the Wathen heirs, but the will was sustained by a jury verdict. Mrs. Wathen died in 1944, leaving a will substantially the same as her deceased husband's will, and L. P. Clements qualified as the administrator with the will annexed of her estate. L. P. Clements had qualified and was acting as the administrator with the will annexed of W. T. Wathen's estate. Mrs. Wathen left four heirs; a sister, two nephews, and a niece. Mr. Wathen left more than sixty heirs, consisting of nephews, nieces, great-nephews, and great-nieces, many of whom were nonresidents of Kentucky. On March 29, 1945, the four Pottinger heirs and L. P. Clements, administrator with the will annexed of the two decedents, brought an action for the sale of the real estate on the ground of indivisibility, for an interpretation of the will, deeds, and contracts referred to in the petition, and a determination of the heirs and the respective shares to which they were entitled. The W. T. Wathen heirs were named defendants. On April 25, 1945, Joseph W. Cambron, the appellant herein, brought an independent action in which he asked that the deed of March 3, 1931, be canceled; that the will of W. T. Wathen be construed; that the Wathen heirs be adjudged the owners of all the property, real and personal; and that the heirs of Mrs. Wathen be adjudged to have no interest in the estate of W. T. Wathen. He named as defendants the four heirs of Mrs. Wathen, L. P. Clements, administrator with the will annexed of W. T. Wathen, deceased, and Rt. Rev. John A. Floersch, Bishop of the Louisville

Diocese of the Roman Catholic Church. He named as plaintiff "Joseph W. Cambron, who sues for himself as an heir and individually, and for the use and benefits of all other individuals or heirs who are similarly situated." The court, apparently on its own motion, consolidated this action with the pending action filed by Mrs. Wathen's heirs and the administrator. On September 13, 1945, an intervening petition was filed by a large majority of the W. T. Wathen heirs in which the intervenors, in effect, adopted the allegations of the petition of Mrs. Wathen's heirs, and asked that the property be sold and the proceeds divided among the two sets of heirs. The intervenors were represented by King & Fluornoy, a firm of attorneys in Morganfield. The administrator and the heirs of Mrs. Wathen were represented by the firm of Harris & Drury. It appears that all of the W. T. Wathen heirs except nine were represented by King & Fluornoy or by attorneys other than appellant, and of these nine two were incompetents, each of whom was represented by a guardian ad litem. The two consolidated cases were submitted, and the circuit court adjudged the W. T. Wathen will valid, construed it as giving one-half of the property to each of the two sets of heirs, and ordered the real estate sold. Joseph W. Cambron appealed, and the judgment was affirmed. Cambron v. Pottinger, 301 Ky. 768, 193 S.W.2d 412. Thereupon Mr. Cambron filed a petition in the action in the lower court in which he alleged that by reason of his efforts great material benefit had resulted to the estate of W. T. Wathen and all those connected with it, and that he should be allowed an attorney's fee to be taxed as costs. He first asked for an allowance of $2,000, and later for $5,000. On March 28, 1947, the court entered the following order:

"This day this cause coming on for hearing upon the petition of Joseph W. Cambron for an allowance of an attorney's fee herein and the Court having requested said Cambron to disclose the parties to this action represented by him and to cite his authorities for the allowance of said fee, which he has failed to do, and it appearing to the Court that practically all of the parties to this action with the exception of said Cambron and nine others, two of whom are incompetents, were represented by counsel, and the Court being unable to deter-

mine from the pleadings filed by said Cambron what parties he does represent, it is ordered and adjudged by the Court that the motion of said Cambron for an allowance of a fee herein is denied, to all of which the said Joseph W. Cambron objects and excepts.''

It is from that order that this appeal is prosecuted.

Appellant is one of the W. T. Wathen heirs, and, according to his own statement in one of his briefs, is the owner of 1/630 of one-half of the estate. He failed to indicate in any of his pleadings or otherwise that he represented any of the heirs other than himself except as a volunteer. The administrator and all of the Pottinger heirs were represented throughout the litigation by a firm of attorneys, and substantially all of the W. T. Wathen heirs were represented by attorneys of their own selection. If appellant was actually employed to represent any of the heirs, it must be presumed that the heirs so represented have paid him a fee. The rule is firmly established in this jurisdiction that the court will not allow attorney fees to one party to be charged against the general fund where other parties are represented by attorneys in the same litigation. Thirwell's Adm'r v. Campbell's Guardian, 74 Ky. 163, 11 Bush 163; Bailey's Adm'r v. Barclay, 190 Ky. 636, 60 S.W. 377; Whitehead v. Fulton, 187 Ky. 717, 220 S.W. 531; Bettes v. Rogers, 281 Ky. 118, 135 S.W.2d 74. KRS 412.070, formerly section 489 of the Kentucky Statutes, provides:

''In actions for the settlement of estates, or for the recovery of money or property held in joint tenancy, coparcenary, or as tenants in common, if one or more of the legatees, devisees, distributees or parties in interest has prosecuted for the benefit of others interested with him, and has been at trouble and expense in that connection, the court shall allow him reasonable compensation for his trouble, and for necessary expenses, in addition to the fees and costs. This allowance shall be paid out of the funds recovered before distribution. The persons interested shall be given notice of the application for the allowance.''

Construing this statute in Collins v. Hudson's Adm'x, 282 Ky. 810, 820, 140 S.W.2d 365, 370, the court said:

.

"Under this statute, attorneys fees and expenses may be recovered where some of the parties have prosecuted the action for the benefit of others interested with themselves. This statute applies where the parties have a common interest and a suit is brought for their common benefit and one attorney carries the whole burden. But even then, one jointly interested cannot be compelled to pay counsel employed by others when he is represented by his own counsel, Bailey's Adm'r et al. v. Barclay, etc., 109 Ky. 636, 60 S.W. 377; Howard v. Carmichael, 237 Ky. 462, 35 S.W.2d 852."

Appellant's sole effort was to deprive the heirs of Mrs. Wathen of any interest in the estate and to obtain the entire estate for the W. T. Wathen heirs. The great majority of the latter conceded that Mrs. Wathen's heirs were entitled to one-half of the estate, and joined in the prayer of their petition that the property be sold and the proceeds divided equally between the two sets of heirs. Appellant's efforts, though considerable, failed to benefit the estate or the W. T. Wathen heirs.

It is suggested that an interpretation of the W. T. Wathen will was necessary before the sale of the land in order to remove any doubt as to the title, but the land was sold by the master commissioner at what was then a fair and adequate price long before the case of Cambron v. Pottinger, supra, was decided by this court.

In view of the authorities heretofore cited, the chancellor correctly overruled appellant's motion for an attorney's fee to be taxed as costs.

The judgment is affirmed.