# Sims, et al., Appellants, *v.* Yerkes, et al.

*Dower—Agreement between widow and heirs—Death of widow— Right of executors to maintain action.*

1. Where a compromise agreement was entered into between the widow of decedent and his heirs and executors, whereby it was agreed that the widow was entitled to dower in decedent's real estate, that the real estate should be sold and that out of the proceeds of such sale there should be paid to the widow a gross sum in settlement of her dower, to be determined by certain mortality tables, the widow under such agreement did not give up her dower rights and did not accept anything in lieu thereof.

2. Where in such case the widow had instituted proceedings under the agreement to have her dower admeasured and paid out of certain realty in Pennsylvania, and died before the hearing of the cause, her right of dower terminated and no right passed to her executors that gave them standing to maintain the bill.

Argued February 3, 1913.   Appeal, No. 21, Jan. T., 1913, by complainants, from decree of Superior Court, October T., 1912, No. 124, affirming decree of C. P. No. 5, Philadelphia Co., Dec. T., 1909, No. 2306, sustaining demurrer and dismissing bill in case of Charles Sims, Anna Hurlock Sims and Morris R. Bockius, Executor of the Estate of Mary Adelaide Yerkes, Substituted Complainant for Mary Adelaide Yerkes, original complainant, since deceased, v. Charles E. Yerkes, et al., and Louis S. Owsley, personally and as executor of the last will and testament of Charles T. Yerkes, deceased, et al.   Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Appeal from Superior Court.   See 52 Pa. Superior Ct. 105.

The Superior Court filed the following opinion:

PER CURIAM:

When the original complainant alleged in her bill that at the death of her husband she was entitled to dower

in his real estate which had never been assigned or set off to her, and that she had never released it and had never received any compensation or equivalent thereof, and further averred specifically that her husband, in his lifetime, during the time of his marriage with her, was seized in fee of certain described real estate situate in Philadelphia, out of which she sought in this action to have her dower assigned and prayed that she recover dower in the premises described, she put an interpretation on the compromise agreement attached to and made part of her bill which, it seems to us, is inconsistent with the position now taken by her executors as to the scope and effect of that agreement. But the decision of the case by the Common Pleas was not put on the narrow ground that the executors are barred by the pleadings from taking the position they did, nor is our decision put on that ground, but upon the broader ground that the widow by the agreement, did not give up her right of dower and did not accept anything in lieu thereof, and as her right of dower terminated with her death, no right passed to her executors that gave them standing to maintain the bill.

After full consideration of the appeal and thorough oral and printed arguments of counsel, and the authorities cited by them, we are constrained to concur with the Court of Common Pleas in its construction of the agreement, and in the conclusion which naturally follows therefrom.

We do not feel that we can profitably add anything to what is set forth in the opinion of the learned court in support of its conclusion.

The decree is affirmed at the cost of the appellants.

The opinion of the Court of Common Pleas referred to in the opinion of the Superior Court was as follows:

A bill in equity was filed by Mary Adelaide Yerkes, widow of Charles T. Yerkes, setting forth, among other things, that at the death of her husband she was entitled to dower in his lands, which had never been assigned or

set off to her, and she had never received any compensation or equivalent therefor, nor ever released it; and praying that certain premises described in the bill be sold, and out of the proceeds of said sale she be paid the amount that she is entitled to receive for her dower in the premises according to the terms of a certain agreement which is set out in the bill. After the filing of the bill, the plaintiff died, and her executors were substituted as plaintiffs.

The defendants demurred to the bill, and the question is whether Mrs. Yerkes had a right of dower in the lands, or whether she was entitled by the terms of the agreement to a fixed portion of the proceeds arising from the sale of the lands. In the former case, the right would end with her death, while in the latter, it would pass to her executors.

On November 11, 1909, there being disputes and controversies between the executors and heirs of Charles T. Yerkes and his widow, an agreement was entered into between them, which provided, among other things, as follows:

"Third. The parties declare and agree that the widow is entitled to dower in the several parcels of real property of which the testator was seized at any time during coverture or in which the testator had any equitable interest in which the law she is entitled to dower, unless the same shall have been duly released (including the parcels enumerated in 'Schedule A,' hereto annexed and made a part hereof), and to the cash value of her dower interest therein to be paid out of the proceeds of the sale of each parcel; that the several parcels of said real property cannot advantageously be divided without manifest injury to the parties in interest; that a distinct parcel thereof cannot be set off to the widow as and for her dower; and that the several lots shall be sold, so that out of the proceeds thereof the widow shall receive the cash value of her dower, and the balance thereof be applied as hereinafter provided; and the widow

agrees to accept in settlement of her right of dower in each parcel of such real property a gross sum to be paid to her as aforesaid and to be determined in New York in accordance with Rule 70 of the Supreme Court of New York, and in other states in accordance with the 'Wigglesworth Tables' at five per cent.; and the parties further consent that said gross sum shall be the amount that a person of the age of forty-eight years at the time of the admeasurement would be entitled to receive thereunder; and shall be admeasured as of that date; and such gross sum shall be paid forthwith, without interest thereon, and without damages for detention or costs taxed against any party to this agreement; but the disbursements of such proceeding may be paid out of the proceeds of the sale in such manner as the court may direct.

"The widow shall promptly after the entry of said order, referred to in paragraph first hereof, and within seven days thereafter in New York and twenty-one days thereafter in all other states, unless the time is extended by the executor, institute in a proper court in each state in which any part of such real property is situated, proceedings for the admeasurement of her dower and sale as aforesaid, in accordance with this agreement."

The time mentioned in the bill for the widow to bring proceedings was subsequently extended one week, and the present bill was filed on January 3, 1910. An answer was filed by the defendants on September 15, 1910, and on April 7, 1911, the court appointed a master in partition. No decree of sale was made by the court, and of course the premises have not been sold.

A careful scrutiny of the terms of the agreement shows that it was a declaration that the widow was entitled to dower in the real estate of her deceased husband; that this real estate could not be physically divided and set out for her; that consequently she was to bring proceedings in the jurisdictions where the lands lay for the purpose of having her dower assigned to her.

Part of the real estate of Charles T. Yerkes consisted of a house and lot situate on the north side of Norris street in the City of Philadelphia, fully described in section 8 of the bill of complaint.

In Pennsylvania, there is no statutory provision under which, upon a sale of real estate for the purpose of setting aside a widow's dower, the widow may take a gross sum in cash in lieu of interest upon one-third of the sum realized at the sale, during her natural life. The agreement therefore provided that in the proceedings brought by the widow for the admeasurement of dower she would accept a gross sum to be fixed "in accordance with the 'Wigglesworth Tables' at five per cent."; and that the gross sum to be received by the widow should be the amount that "a person of the age of forty-eight years at the time of the admeasurement would be entitled to receive thereunder"; and that "shall be admeasured as of that date."

It is apparent from the agreement that the widow did not give up her right of dower in her deceased husband's lands, nor did she accept or agree to accept anything in lieu thereof. On the contrary, it is declared that she is entitled to dower, and the proceedings for the admeasurement of her dower are provided for.

In Mulford v. Hiers, 13 N. J. Eq. 13, it was held that where real estate is ordered to be sold and the widow agrees to accept a gross sum in lieu of dower and dies before the sale of the premises, her estate is determined by her death. The court said (p. 14) :

"It is true that the estate in dower of the widow was by a decree of the court ordered to be sold, but in point of fact the estate was determined by the death of the widow before the sale. No sale of the dower right was ever made, and consequently there are no proceeds of the sale which the widow could be entitled to have invested for her benefit or in lieu of which she could have received a sum in gross."

The court, upon mature consideration, is of opinion

that by the agreement referred to the widow did not give up her right of dower but expressly retained it, and that the provisions for a sale of the lands and for the receipt by the widow of a gross sum out of the proceeds thereof, was not a surrender of her right of dower admeasured according to the terms of the agreement by which her dower was to be admeasured. The bill in this case was filed for the purpose of having her dower admeasured according to the terms of the agreement, and as the plaintiff died before the property was sold, her right of dower ended with her death. Under the terms of the agreement, Mrs. Yerkes could not have sued the executor of her husband for any sum agreed to be paid to her because no such agreement was made. She instituted the only proceedings that were available to her, namely, a bill to have her dower admeasured and paid to her according to the terms of the agreement. As her right of dower terminated with her death, her executors are not entitled to the relief prayed for in the bill.

The demurrer is therefore sustained, and the bill dismissed.

In view of the circumstances under which the bill was filed, the court deems it equitable that each party should pay their own costs.

*Error assigned* was the decree of the Superior Court.

*James F. Campbell,* with him *Carroll G. Walter,* of the New York Bar, for appellants.—By the settlement agreement Mrs. Yerkes surrendered her legal right to dower and acquired in lieu thereof a contract right to a sum of money, and such right survived to and is now vested in the appellants: Gray v. McCune, 23 Pa. 447; Benner v. Evans, 3 P. & W. 454; Herbert v. Wren, 11 U. S. 370.

Even if Mrs. Yerkes' right to a portion of the proceeds of sale be regarded as a legal right rather than a contract right, it was a vested right which was not divested

by her death: Robinson v. Govers, 138 N. Y. 425 (34 N.
E. Repr. 209); Fulton v. Fulton, 8 Abb. N. C. 210; Mulford v. Hiers, 13 N. J. Eq. 13.

The intention of the parties was to vest in Mrs. Yerkes a right to a definite percentage of the proceeds of sale irrespective of whether she lived or not, and this intent should be given effect.

By the express terms of the agreement Mrs. Yerkes' rights inure to the benefit of her executors: Kernochan v. Murray, 111 N. Y. 306 (18 N. E. Repr. 868); Fulton v. Messenger, 61 W. Va. 477 (56 S. E. Repr. 830); Alden v. Frank Imp. Co., 57 Neb. 67 (77 N. W. Repr. 369); Carlyle v. Carlyle Water, Light & Power Co., 140 Ill. 445 (29 N. E. Repr. 556); Waldo v. American Soda Fountain Co., 92 Fed. Repr. 623; Diamond Match Co. v. Roeber, 106 N. Y. 473 (13 N. E. Repr. 419); Mich. Midland & Canada R. R. Co. v. Bacon, 33 Mich. 466; Smith v. Hollett, 34 Ind. 519.

Appellants are entitled at least to a third of the rents and profits of the realty which accrued prior to Mrs. Yerkes' death: Kelso's Appeal, 102 Pa. 7; Paul v. Paul, 36 Pa. 270.

*W. Orison Underwood,* with him *Harry T. Stoddart* and *Alfred N. Keim,* for appellees.—The executors of the widow are not entitled to any portion of the proceeds of the sale as the cash value of the widow's dower: Robinson v. Govers, 138 N. Y. 425 (34 N. E. Repr. 209); Mingay v. Lackey, 142 N. Y. 449 (37 N. E. Repr. 471); Mulford v. Hiers, 13 N. J. Eq. 13; McLaughlin v. McLaughlin, 20 N. J. Eq. 190.

The executors of the widow are not entitled to any portion of the rents, issues and profits upon the property from the time of the decease of the husband.

Per Curiam, March 17, 1913:

The decree appealed from is affirmed on the opinion of the Superior Court.