## Vanderpool's Heirs v. Vanderpool's Heirs and Creditors.

(Decided October 10, 1916.)

### Appeal from Whitley Circuit Court.

1. Judicial Sales—Inadequacy of Purchase Price.—Evidence on exceptions to a judicial sale examined, and held insufficient to show that the purchase price was grossly inadequate.

2. Judicial Sales—Vested Estate Jointly Owned by Doweress and Heirs—When May Be Sold—Section 490 of the Civil Code.—Where the widow has dower in indivisible property and the remainder is owned by one child, a sale cannot be had under section 490 of the code upon the petition of either of the parties; but if the estate is owned by the widow as doweress and the remainder by two or more heirs, a sale may be ordered under this section.

3. Judical Sales—Joint Estates—Provision for Doweress—Failure to Make—Effect.—Failure of the judgment of sale to provide a reasonable compensation for the widow's dower in land ordered to be sold pursuant to section 490 and subsection 2, section 495 of the Civil Code, will not be ground for setting aside the sale,

since the court may thereafter enter such orders as are necessary to protect the widow's rights.

4.  Pleading—When Too Late.—Where the land of the decedent has been sold and the sale confirmed, an answer tendered at a subsequent term by the widow of the decedent, setting up a homestead in the land, is properly refused where it is not sufficient to constitute a proper application for a new trial under section 518 of the civil code.

ROSE & POPE for appellants.

STEPHENS, STEELY and H. C. GILLIS for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This suit was brought by Daniel Vanderpool and others, children and grandchildren of Marion K. Vanderpool, deceased, against Sampson Vanderpool, a son of Marion K. Vanderpool, and Louisa Vanderpool, the widow of the decedent, and others, to cancel a deed whereby the decedent and his wife, shortly before his death, conveyed to his son, Sampson Vanderpool, his farm in Whitley county, and for a settlement of the decedent's estate, a sale of his land and a distribution of the proceeds after the payment of the decedent's debts among those entitled thereto. The trial court adjudged the cancellation of the deed in question, and on appeal to this court the judgment was affirmed. Vanderpool v. Vanderpool, et al., 163 Ky. 742. In remanding the case the court said:

"As the cancellation of the deed from Marion K. Vanderpool and wife to appellant will leave the widow of the former free to assert her dower in the land, the court should hereafter, in adjudging the sale of the land, allow her out of the proceeds the value of such dower, according to her life expectancy as shown by the insurance tables."

On return of the case the trial court adjudged that the plaintiffs and defendants in the action were the joint owners of the land in controversy and that the land could not be divided without materially impairing the value thereof or the interests of the parties therein, and directed that the land be sold. The land asked to be sold consisted of three tracts, one of 160 acres, another of 102 acres and a third of 35 acres. The commissioner was directed to exclude from the sale all tracts of land

which Marion K. Vanderpool had sold prior to his death. After excluding such land it was ascertained that Marion K. Vanderpool owned, at the time of his death, only about 148 acres, and this is all the land that the commissioner sold. Ben F. Vanderpool, a grandson of the decedent, became the purchaser of the property at the price of $900.00. Exceptions were filed to the sale by Louisa Vanderpool, the decedent's widow. The exceptions were filed in her name and in the name of "the infant defendants." The exceptions were overruled and the sale confirmed. At the next term Mrs. Vanderpool tendered an answer, pleading a homestead in the land and asserting that she was theretofore prevented from asserting a homestead in the land by the fraud of the purchaser's father, who represented that the land was to be sold subject to her homestead. The trial court refused to permit the answer to be filed but made it a part of the record. This appeal is prosecuted in the name of Louisa Vanderpool and "the infant heirs of Marion K. Vanderpool," deceased.

The first ground of exception to the sale is that the purchase price was grossly inadequate, and that this, taken in connection with the infancy of some of the parties, is sufficient to set aside the sale. Passing the question of the authority of counsel for Mrs. Vanderpool to file exceptions and prosecute an appeal on behalf of "the infant heirs of Marion K. Vanderpool," without mentioning any of the infants by name, we shall proceed to a consideration of the question of the inadequacy of the purchase price. In her affidavit Mrs. Vanderpool says that the property sold is reasonably worth $1,600.00, and that her husband some time before his death refused $2,000.00 for it. These allegations are denied by the purchaser. No additional affidavits on the question of value were read. Counsel for appellants, however, insist that, in view of the statement contained in our former opinion to the effect that the property was worth from $3,000.00 to $3,500.00, no additional testimony was needed to show that the sale was at a grossly inadequate price. Clearly, however, the statement, in our opinion, cannot have a controlling effect, because the statement was based on the evidence then before the court respecting the value of the farm described in the petition, which contained about 297 acres. By order of sale, the lands theretofore sold by the decedent were excluded.

There remained only 148 acres.   This is the quantity
of land sold.   For aught that appears in the record, the
more valuable portion of the land may have been dis-
posed of by decedent.   In the absence of evidence show-
ing the fertility of the land sold and of the land that
remained, as well as the improvements on each of the
tracts, we cannot assume that the purchase price was
grossly inadequate merely because the original tract,
which contained twice as much land, was estimated in
the former opinion of this court to be worth from
$3,000.00 to $3,500.00.

It is further insisted that the court was without juris-
diction to sell the land under section 490 of the Civil
Code, authorizing the sales of vested estates jointly
owned where the land cannot be divided without ma-
terially impairing its value, or the value of the plain-
tiffs' interest therein.   The basis of this contention is
that a doweress is not a joint owner.   The rule upon
this subject is that where the widow has dower in in-
divisible property and the remainder is owned by one
child, a sale cannot be had under section 490 of the Code
upon the petition of either of the parties.   But if the
estate is owned by the widow as doweress and the re-
mainder by two or more heirs, a sale may be ordered
under the above section.   VanMeter v. VanMeter, 160
Ky. 163, 169 S. W. 592.

Here the land was not owned by the doweress and
one child but by the doweress and several heirs.   Hence
the case falls within the rule above announced and the
court had jurisdiction to order the sale.

The additional point is made that the judgment is
erroneous because it did not provide in terms for the
payment of the dower out of the proceeds of sale.   Sub-
section 2, section 495, of the Civil Code provides:  "If
a woman have a vested or contingent right to dower in
land sought to be sold, under section 490, she shall be
made a party to the action brought to sell such land,
and the court may, with or without her consent, order
a sale of the land free from her right; and shall provide
for a reasonable compensation to her out of the pro-
ceeds of sale, or that she shall have the same right in
property purchased with the proceeds as she had in the
property sold."   The Code does not require that the
order of sale itself shall provide that the doweress shall
receive a reasonable compensation out of the proceeds

of sale, etc., nor does the Code specify when such compensation, in lieu of dower, shall be made. In the absence of any language in the Code requiring provision to be made for the doweress in the order of sale itself, we are not inclined to hold that a failure to make such provision will be ground for setting aside the sale, since the court may thereafter enter such orders as are necessary to protect the widow's rights.

Lastly, it is insisted that the trial court should have permitted Mrs. Vanderpool's answer to be filed. This answer was tendered at the next term of court after the property had been sold and the sale had been confirmed, and not being sufficient to constitute a proper application for a new trial under section 518 of the Civil Code, was properly refused.

Judgment affirmed.