## Watson et al. v. Woods et al.

April 28, 1950.

James C. Dedman, Judge.

Bradley & Bradley and W. W. Van Deren for appellants.

John P. Lair for appellees.

JUDGE LATIMER—Affirming.

In 1909 Presley Rogers and Lucinda Rogers exe-

cuted deed to a three-story brick building, located at the corner of Bridge and Walnut Streets in Cynthiana, to Jerry Smith and William Coleman, trustees of Harrison Gem Lodge No. 1813, a voluntary fraternal organization of colored people. It appears that this lodge operated under its charter from the state and national organization. It held its meetings and social affairs in the building until about the year 1929 or 1930, at which time, because of the depression, the lodge was directed by the state and national organization to cease paying dues and survive as best it could until further notice. The last election of officers of the lodge was held in 1930. It was stipulated by all the parties herein, and according to the statement of some of the older members, that these last elected officers were to take care of the lodge until such time as it could operate again in its usual manner. It appears that at the first election of officers in 1924, two of the appellants, Sam Watson and William Watson, were among those elected. At the last election of officers on December 23, 1929, William Givens, another appellant, was elected Noble Grand, and as such presided at the last meeting, which, as shown on the Minute Book, was October 13, 1930. All appellants were members of the lodge at the time of the last recorded meeting. At the meeting of October 28, 1929, on account of the small attendance, it was voted to hold only monthly meetings.

The four appellants paid dues to the local treasurer, who was one of their number, until 1935. One of the appellees, Early West, paid until the same year. Richard Thomas paid until 1932 and no other of the appellees paid after 1930. During the next five years the meetings were held, apparently, in the private homes of the appellants. No state or national dues were paid by any of them. Appellants rented out the first two floors of the lodge building for a number of years, collected the rents, and paid taxes thereon. In 1946 appellants entered into a contract for the sale of the property, claiming to be the last surviving members. When this attempted sale was made, some of the older members applied to the state and national lodge for a reinstatement of their old charter, paid the required dues, took in new members, reinstated the Women's Auxiliary, and attempted to hold meetings in the lodge hall, but were prevented from so doing by appellants who placed new locks on the doors.

This action was then brought by appellees, who prayed the court that the keys of the lodge be turned over to them; that they be given possession of the lodge building, and be declared the rightful owners thereof.

The cause was submitted and considered by the chancellor, who, in his opinion and judgment, found the facts to be that the property in question was deeded many years ago to the trustees of Hiram Gem Lodge No. 1813; that the lodge functioned as such until about the year 1929, when it merely ceased activity for the reason that many of the members, due to financial stress, were unable to continue paying dues; that there never was at any time a formal disbandment of the lodge nor a surrender of its charter, as required by the by-laws of the national lodge before it can or does cease to exist as a lodge; that during the last four or five years the meetings held by the four defendants (appellants here) in their private homes, to the exclusion of other members, did not constitute regular meetings of the lodge to such an extent that the defendants became the last members of same; that the defendants paid no dues to the national lodge during that period, although they did pay dues to the local treasurer, who is one of the defendants; that the lodge began to function again in 1947; that it renewed its original charter, paid its dues to the national lodge and had been reinstated as a member thereof; that the defendants paid certain debts of the lodge and made repairs, but since they had received all the rents and proceeds from the building during the period between the inactivity and reinstatement, they were compensated in full for any amount so spent; that the defendants have rented the lodge building to certain persons without authority to do so; and that any moneys collected as rentals therefrom since January 1947 be turned over to the Hiram Gem Lodge No. 1813, excepting taxes and insurance paid.

Based upon the above findings of fact, the court adjudged the property to belong to the duly appointed trustees of the lodge, and that the defendants have no right, title, interest or claim in and to same; and that the defendants turn over to the lodge the keys to the building and all of the money received as rental from the building since January 1947.

Appellants in urging reversal of the chancellor in-

sist: (1) If there is a dissolution of an organization, either formally or as a matter of law by abandonment, the property passed to its last members. (2) If the lodge was not disbanded or abandoned that the four appellants were still members of the lodge, one of whom was the last presiding officer, and that the title to the property is still in the old lodge and not in the new and reorganized one.

It is claimed that the four remaining members of the organization decided in 1946 to sell the property, and that at a meeting of the four the organization was dissolved in pursuance of that purpose. Admittedly, it required 7 members to constitute a quorum for transaction of business. Consequently, there could not be a formal dissolution by a resolution of the body since there was not a sufficient number to constitute a quorum. We must, therefore, dismiss the idea of a formal dissolution by active resolution on the part of the lodge and direct our attention to the question of dissolution by abandonment.

It seems to be the general rule that, in the case of a voluntary association, such as this, where there is an abandonment of the objects and purposes thereof, a court of equity may decree a dissolution and a distribution of the funds among the several contributing members. It seems, however, to be as equally true that there must be an entire failure of purpose. In 7 C. J. S., Associations, sec. 9, subdivision 3, it is said:

"An association may be regarded as dissolved if it abandons the purposes of its creation and ceases to exercise its functions, especially where power to resume business does not exist. However, neither the loss of the association's property, nor a failure to hold regular meetings or to elect officers, nor all combined, necessarily amounts to an abandonment.

"The question whether the society has become dissolved by abandonment is one of law for the court."

In 4 Am. Jur., Associations and Clubs, Section 54, we find: "* * * But a voluntary unincorporated association should not be dissolved for slight causes. It is only when it is entirely apparent that the organization has ceased to answer the ends of its existence and no other mode of relief is attainable that this should be done."

Reviewing the facts in the light of the above, we find the organization ceased to require the payment of dues because of financial crisis. It appears from the record that this was not done with the idea of entire abandonment but merely for temporary relief, with the expectation of renewed operations at some future time. The court properly looked at the status of the lodge at the time this action was brought, at which time the charter had been renewed, national dues had been paid, and the lodge reinstated. Even the Women's Auxiliary had been reinstated. From all appearances, the lodge had been restored to active life with full power to resume business. We think the court rightly and properly resolved the matter.

Wherefore, the judgment is affirmed.