### JOHNSON et al. v. DUCOBU et al.

Court of Appeals of Kentucky.

June 13, 1952.

Rehearing Denied Nov. 13, 1952.

L. B. Alexander, Paducah, for appellants.

F. B. Martin, Farland Robbins, Mayfield, for appellees.

MORRIS, Commissioner.

Mrs. Mittie Ducobu died intestate in November 1948, survived by her husband, appellee, Oscar G. Ducobu, and appellants, a brother and nephew. She was the owner of personal property in excess of $48,000 in value, and a residence in Mayfield. Appellee, Ducobu, qualified as administrator in December 1948. When we employ the word "appellee" herein it will refer to him individually.

In August 1950 appellants filed petition alleging indivisibility of the lot, and sought its sale and a division of proceeds. Appellee in answer agreed to sale and distribution, but set up a claim for $127.57 paid by him for repairs and city taxes on the real estate. He had occupied the residence since the death of his wife, and asserted his claim of quarantine.

A reply and amended petition raised a controversy. Appellants admitted the payments of the sums by appellee, but denied all other allegations. They contended that since appellee had neglected "to have dower assigned," he had lost his right of quarantine and should be charged with rent at the rate of two-thirds of $60 per month from decedent's death until sale of the property. It was alleged that appellant Johnson had paid $124.07, state and county taxes for 1950, and he asked that he be recouped from the proceeds of rentals and sale.

The sale was ordered and report thereof shows that Johnson purchased the lot for $21,200. Prior to the confirming order, counsel for appellants moved for allowance of a fee of $1,500. Counsel for appellee moved the court to allow $2,500 to be taxed as costs and allotted $1,500 to appellants' counsel, and $1,000 to the two attorneys who represented appellee. Two days thereafter the court sustained appellants' motion to withdraw their counsel's motion for allowance of a fee. At the next term the chancellor ordered that a fee of $2200 be taxed as costs and paid from the proceeds of sale, that sum to be apportioned, $1,320 to the attorney for plaintiffs and $880 to "attorneys for defendant." This order adjudged that appellee was entitled to the occupancy and use of the property from the date of death of decedent until sold, free from rents and other charges, and that the taxes be paid from the proceeds of sale. Appellants objected and excepted to the entire order.

Following the foregoing order, counsel for appellants disclaimed the fee allowed,

993

because he had been paid by his clients for his services. Then followed the order of distribution. · This showed that appellee, who was then eighty years of age, was to be paid $1,635.20 as his interest, and appellants the remainder of the net proceeds of sale. The order directed the payment to appellee of the sums paid by him for taxes and repairs, and to Johnson the sum paid by him for 1950 taxes, and that counsel for appellee be paid the fee allowed them, all from the proceeds of sale. Appellants objected to "so much of the above order as directs the payment of taxes, repairs and attorney fees out of the proceeds of sale."

The contentions of the appellants are: (1) Appellee should be charged with rental; (2) the sums paid by appellee and by Johnson should not be paid from sale proceeds; (3) the fee allowed to appellee's counsel is excessive, and whether so or not, should not have been ordered paid from the fund in court.

Taking up item (2) first, appellant contends that the taxes should be paid from personal estate, without giving reason or presenting authority. Appellee contends otherwise, on the ground that his use of the property was to be "free from charge." It occurs to us that since the amounts paid by each party are small and about equal, the difference in effect if paid from one fund or the other would be so slight as to justify application of the de minimis maxim.

Appellants on point (1) cite one case: Hamilton's Adm'r v. Riney, 140 Ky. 476, 131 S.W. 287, quoting an excerpt which standing alone appears to sustain their contention. However, a reading of the entire opinion will show that it fully recognizes the right of quarantine to a surviving spouse. It does not conflict with more recent cases cited by appellees.

█ Section 392.050, KRS extends to a surviving widow the right to the occupancy of the residence and certain curtilages "without charge, until dower is assigned." Section 392.010, KRS, provides that all of Chapter 392, with some exceptions,· relating to the "wife's dower or interest," shall apply to the surviving husband's interest in the wife's real estate. We construed this sec-

tion in Beach v. Hopperton's Ex'r, 303 Ky. 272, 196 S.W.2d 894, holding the section to mean that the surviving husband is entitled to the privilege of quarantine.

The effect of neglect to have assignment of dower was determined in Wyly v. Kallenbach, 256 Ky. 391, 76 S.W.2d 34, 38. In disposing of a like contention, we said that quarantine statutes were enacted for the purpose of affording the widow's immediate needs, and "to serve as a whip to compel the heir to bestir himself and arrange that her dower be assigned her at the earliest possible moment."

█ In Frasure v. Martin, Ky., 247 S.W. 2d 51, 52, the heirs were contesting the right on the ground that the widow took possession of the property and "for many years did not ask for an allotment of dower." We noted the Wyly case and said the widow "was under no duty to take action. There is no reason shown in the record why she should have lost her rights under the statute." Under authority of these cases we conclude that the chancellor's ruling on this point was correct.

We now approach the subject of attorneys' fee, noting first that counsel for appellee suggests that they are not parties to the appeal, hence we should not consider the question. Bartlett v. Louisville Trust Co., 212 Ky. 13, 277 S.W. 250. The tran-. script shows that allowance was made directly to both and both are named in the statement of appeal.

To support the allowance of the fee, appellees rely chiefly on Goodwin's Ex'r v. Goodwin, 301 Ky. 526, 192 S.W.2d 493, 495, and correctly point out that we approved an allocation of fees to counsel for each party or group, and payment from proceeds of sale and rents. If the facts were the same in the instant case, that opinion would be persuasive. In the Goodwin case, amicably conducted and free from controversy, the lower court's ruling was upheld for several reasons. It appeared therein that attorneys for the defendant did "as much in whipping the matter into shape for the sale of the properties, an accounting and final settlement of the estate (if such became necessary), as did counsel

for other parties; all had a hand in it." It was also shown that counsel for defendant had by appropriate pleading brought into the hotch-pot some overlooked assets. The whole proceeding was much more complicated than that shown by the record in the instant case. The main reason in justification of the allowance was, as in the case of Croley v. Adkins, 305 Ky. 765, 205 S.W.2d 332, that the joint efforts of counsel for each party, or set of parties, redounded to the benefit of all parties, without conflicting interests. There is another distinguishing feature; in the cited cases it does not appear that the fee of counsel for one party had been paid by his clients.

We are of the opinion that appellants' contention is sustained in Cambron v. Pottinger, 310 Ky. 70, 219 S.W.2d 401, 402, an aftermath of a case of the same style reported in 301 Ky. 768, 193 S.W.2d 412. Appellant had in the earlier case asserted claim for allowance of a fee for his services, alleging that he had represented some of the heirs to one portion of the estate, the allowance to be charged to the general fund. The trial court rejected his claim and we affirmed. It was developed in the opinion that there were several sets of claimants and all were represented by employed counsel, "throughout the litigation," which was controversial to some extent. In affirming we said that the rule is well established in this jurisdiction that the court will not allow attorneys' fees to one party "to be charged against the general fund where other parties are represented by attorneys in the same litigation", citing authorities.

The opinion does not refer to the Goodwin case, but it is differentiated by noting the fact that appellants' efforts and activities "though considerable, failed to benefit the estate of the W. T. Wathen heirs." There is no claim here that efforts of counsel for appellee resulted in benefit to the estate.

We are of the opinion that the court was in error in directing that the fee be paid from the proceeds of sale. This con-

clusion obviates discussing the question as to whether or not the fee is excessive. So much of the judgment as orders the fee paid from the funds in court is reversed. In all other respects it is affirmed.

Judgment affirmed in part; reversed in part.