## BARRICK et al. v. JAMES et al.

Court of Appeals of Kentucky.
May 1, 1953.
Rehearing Denied June 12, 1953.

Terry L. Hatchett, Glasgow, for appellants.

W. H. Natcher and Rodes K. Myers, Bowling Green, for appellees.

MILLIKEN, Justice.

Appellants, Mrs. Edna Barrick and her attorney, Mr. Terry L. Hatchett, seek to charge the estate of J. G. Spradling for costs and attorney's fees incurred in unsuccessfully resisting a claim against the estate in the Warren Circuit Court and in the Court of Appeals. The chancellor sustained a general demurrer to their petition, and the propriety of that ruling is the sole question on this appeal.

J. G. Spradling died intestate, survived by a son, H. P. Spradling, and a daughter, Mrs. Edna Barrick. The son, H. P. Spradling, was appointed administrator and shortly thereafter his son-in-law and daughter, Mr. and Mrs. Harry James, filed a claim against the estate. The administrator was in favor of paying the claim, but Mrs. Barrick objected. She thereupon initiated proceedings in the Warren County Court for her brother's removal as administrator. The county court overruled her motion for his removal, but entered the following order:

"3. And that H. P. Spradling administrator of J. G. Spradling, deceased, shall join with Mrs. Edna Barrick in the formal defense of the suit of

Harry James and Mrs. Harry James in Warren Circuit Court, but Mrs. Barrick having counsel no additional counsel shall be employed."

The administrator was represented throughout the litigation in the Circuit Court by his own attorney, though this was contrary to the county court order. Mr. Hatchett represented Mrs. Barrick. In that action the administrator's answer to the claimants' petition recited that he had no affirmative defense to offer in the cause, but in view of the fact that Mrs. James was his daughter, he rejected the claim because his sister, Mrs. Edna Barrick, objected to its payment. He also declared that in all fairness to the parties concerned, he thought that the claim should be litigated. Though the administrator and Mrs. Barrick were arrayed by the pleadings on the same side as codefendants, the administrator testified in favor of the claimants. The brunt of the defense was carried by Mrs. Barrick and her attorney. After the first trial was dismissed without prejudice, the action was tried again and resulted in a judgment for the claimants. The judgment was against the administrator in his official capacity and not against him or Mrs. Barrick individually.

The administrator did not appeal from the judgment but Mrs. Barrick did, even though the county court's order did not authorize her to defend the estate against the payment of the claim in any court other than the Circuit Court and despite the fact that the judgment in the Circuit Court was not against her. The question of her right to appeal was not raised in this court and we decided the case as if she were the proper appellant. We affirmed the judgment and subsequently denied a rehearing. See Barrick v. James, 312 Ky. 463, 227 S. W.2d 909.

Specifically, the appellants seek to charge the estate for: (1) $600 additional attorney's fees for Mr. Hatchett; (2) $66.40 for expenses incurred by Mr. Hatchett; (3) $189.94 for costs of the appeal, including the cost of the transcript of evidence and the cost of the petition for rehearing; and (4) all costs in the circuit court which are still unpaid.

The able trial judge refused the appellants relief, and in a written opinion stated:

"The principle is well established that when two or more parties are entitled to a common fund or have a joint or a common interest in property and one only prosecutes or defends the case for the benefit of the others, who themselves have no counsel, then the one so rendering such services for the benefit of all is entitled to charge the expenses so incurred proportionately against the others. This principle is frequently applied and is based upon two sections of K.R.S., to-wit: K.R.S. 412.070 and 453.040.

"The first-named section declares that when one interested in the common fund with others has prosecuted for such others interested with him a claim or defense and has been at trouble and expense in that connection, 'the court shall allow him reasonable compensation for his trouble and for necessary expenses, in addition to the fees and costs', to be paid out of the common fund before distribution.

"The last named section provides that in actions between persons jointly interested in the settlement of any deceased person's estate, 'the court shall exercise a judicial discretion in regard to costs.'

"In my judgment the above-mentioned principle has no application to this case. Mrs. Barrick resisted the claim of Mr. and Mrs. James in the Warren Circuit Court solely for her own benefit and in her own interest. Except for her resistance there would have been no litigation for her brother was willing to and would have paid the claim which, as filed, amounted to more than the entire estate.

"It would be inequitable and unjust, under the circumstances mentioned above, to permit Mrs. Barrick to charge any part of her costs, fees or expenses against her brother's share in this estate. Her services were rendered not for his benefit, but solely for her own. This is emphasized in her

appeal of the case. It was her sole appeal in which her brother did not participate and all her costs, fees and expenses were her own. Except for her appeal the Administrator was willing to and would have paid the judgment. Holding these views, it is evident that the demurrer to the petition should be sustained. There are other points raised in the briefs of counsel, which I think are unnecessary for me to pass on."

We concur in the opinion of the trial judge and affirm the judgment.