## JOHNSON et al. v. DUCOBU.

Court of Appeals of Kentucky.
May 22, 1953.

Nat Ryan Hughes, Murray, for appellants.

Flavius B. Martin, Farland Robbins, Mayfield, for appellee.

DUNCAN, Justice.

Mittie Griffith Ducobu died intestate on November 28, 1948, survived by her husband, Oscar Ducobu, a brother, Ernest Griffith, and a nephew, D. Blythe Johnson, as her only heirs at law. Her husband was appointed administrator of her estate on December 4, 1948, and in this capacity, he distributed most of decedent's property.

On August 18, 1950, the brother and nephew filed a petition in equity against the

husband, seeking a settlement of the estate and a recovery in its behalf of certain personal property to which the husband asserted title individually. The issues raised by the answer concerned the decedent's ownership of two diamond rings and a stock certificate. The answer also denied that the amount of money claimed by the heirs was found in a lockbox. These questions were submitted to a jury on an issue out of chancery, and a judgment was entered pursuant to the verdict finding all issues in favor of the husband. The appellant, D. Blythe Johnson, filed a claim for $5,092.72, which he asserts represents expenses incurred by him in the prosecution of the suit. The Chancellor denied payment of the claim, and the appeal is from only that part of the judgment which disallows its payment.

In suits involving the settlement of estates, the Chancellor has a broad discretion in the allowance of costs, and his finding will not be disturbed unless it is apparent that there has been an abuse of discretion. Goodwin's Ex'r v. Goodwin, 301 Ky. 526, 192 S.W.2d 493; KRS 453.040.

Authority for the allowance is claimed under KRS 412.070, which provides:

"In actions for the settlement of estates, or for the recovery of money or property held in joint tenancy, coparcenary, or as tenants in common, if one or more of the legatees, devisees, distributees or parties in interest has prosecuted for the benefit of others interested with him, and has been at trouble and expense in that connection, the court shall allow him reasonable compensation for his trouble and for necessary expenses, in addition to the fees and costs. This allowance shall be paid out of the funds recovered before distribution. The persons interested shall be given notice of the application for the allowance."

From all of the opinions of this Court on the subject of allocation of costs, attorney fees, and expenses in suits involving the settlement of estates, no clear rule has emerged. It is probable that the reason for this fact is the practical difficulty of evolving one rule which would fit all cases. Some of the opinions have indicated that allowance of expenses and fees should not be made unless the services have resulted in a benefit to the estate. Johnson v. Ducobu, Ky., 251 S.W.2d 992; Cambron v. Pottinger, 310 Ky. 70, 219 S.W.2d 401.

We are unwilling to go so far as to announce an inflexible rule that direct benefit to the estate must invariably be shown to justify an allowance of costs, attorney fees, or expenses. We do conclude, however, that where no benefit is shown either to the estate or the other beneficiaries no such allowance should be made unless there appears some good reason for the filing of the suit. We think such a rule will protect estates from unnecessary and fruitless litigation and at the same time prevent unreasonable delay on the part of fiduciaries in the final distribution and settlement of estates.

The time within which a personal representative may reasonably be expected to settle an estate can only be determined by reference to the circumstances of each case. Although approximately two years had elapsed between the appointment of the administrator and the filing of the suit here, we do not think there was any showing of unreasonable delay on the part of the administrator in the settlement of the estate. The major portion of the assets had been distributed before the filing of the suit. In addition to being fruitless, the litigation appears to have been wholly unnecessary. The Chancellor correctly denied the claim.

Appellant also contends that the Chancellor should have vacated the bench in response to his motion and affidavit. Except for conclusions of the affiant, the affidavit merely charges that the Chancellor had presided in other litigation between the same parties in which appellants were unsuccessful. This Court has been careful to protect litigants from every possibility of bias on the part of trial courts. To that end, we have held that all facts stated in an affidavit must be considered as true for the purpose of a motion to vacate the bench. KRS 23.230; Sparks v. Colson, 109 Ky. 711, 60 S.W. 540; Powers v. Commonwealth, 114 Ky. 237, 70 S.W. 644, 1050, 71

S.W. 494; Chreste v. Commonwealth, 178 Ky. 311, 198 S.W. 929; Albertson v. Commonwealth, 312 Ky. 68, 226 S.W.2d 523. However, we have never gone so far as to require the disqualification of a judge simply because a party does not believe he will be afforded a fair. trial. The affidavit must contain facts which necessarily show prejudice or bias sufficient to prevent the judge from fairly or impartially trying the case. Eastridge v. Commonwealth, 195 Ky. 126, 241 S.W. 806. The affidavit here does not meet the test which we have indicated, and the court properly overruled the motion.

Appellants finally contend that the court erred in ordering an issue out of chancery. The appeal is solely from the order denying the claim for expenses. The error, if any, with respect to the issue out of chancery does not affect the merits of this claim.

The judgment is affirmed.