**VANOVER BROTHERS TRUCKING COMPANY, Inc., et al., Appellants,**

v.

**Edward MOORMAN et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 5, 1969.

---

Wells T. Lovett and Kenneth B. Kusch, Lovett & Kusch, Owensboro, for appellants.

James E. McDaniel, Sabetta & McDaniel, Owensboro, for appellees.

CULLEN, Commissioner.

The circuit court entered a summary judgment holding that those persons who were employes of the Vanover Brothers Trucking Company and were members in good standing of the Vanover Brothers Drivers Club, at the time the trucking company ceased operating its trucking business, were entitled to share equally in a distribution of the assets of the club (amounting in value to around $3,500). However, the judgment authorized the payment of a fee of $500 out of the assets to the attorneys for the secretary of the club, who had resisted the claim for distribution of the assets. The trucking company and the alleged officers of the club, who were the defendants in this action, have appealed from so much of the judgment as directed distribution of the assets, and the former employes, who were the plaintiffs, have cross-appealed from that part of the judgment which allowed the attorneys' fee.

For a number of years prior to April 1967 Vanover Brothers Trucking Company operated a coal-hauling business, which was the company's principal business. During this period the great majority of the company's employes were truck drivers, and at times the company had as many as 40 drivers in its employ. In addition there were a few office employes and one girl who worked in a small restaurant owned by the company. To provide a fund for the purposes of buying flowers in cases of illness or death in an employe's family, making employe donations to charities such as the United Fund, and financing picnics and Christmas parties for the employes, the Drivers Club was organized. The truck drivers were of course the great majority of the members; however, the other employes also were eligible for membership. Each member paid dues of $1.00 per month. Under the bylaws, when a member's employment with the trucking company ceased, his membership in the club terminated, and he was entitled only to a refund of any dues he had paid in advance for the remainder of the current calendar year. Over the years there was of course a considerable turn-over in membership. However, the club prospered, mainly by investing surplus funds in loans to its members.

In April 1967 the trucking company terminated its coal-hauling business, sold most of its trucks and leased the remaining ones. At that time the company had some 20 truck drivers, whose employment was terminated. There remained on the payroll of the trucking company only the president and his wife, a part-time accountant and his wife, and the girl who worked in the restaurant. All of the latter five were enrolled as members of the club, but only the accountant and the restaurant girl were regular dues payers. There was no showing that the president's wife and the accountant's wife performed any services for the company.

The parties agree on the proposition of law that if the club ceased to answer the ends of its existence when the trucking company terminated its active operations its assets should be distributed. See Watson v. Woods, 312 Ky. 694, 229 S.W.2d 447; 6 Am.Jur.2nd, Associations and Clubs, sec. 59, p. 494. Where the parties disagree is on the question of whether there was an issue of fact as to the club's having ceased to answer the ends of its existence. The disagreement is in substance as to the *inferences* to be drawn from the undisputed facts.

The circuit court found that the club was formed for the benefit of the *driver* employes of the trucking company and the purposes and activities of the club were devoted for the benefit of the *driver* members; that the club ceased to answer the ends of its existence when the trucking operations were terminated and all of the *drivers* were discharged; and that the club in effect was dissolved at that time. It is our opinion that these findings represent the only reasonable inferences that can be drawn from the undisputed facts, and therefore there was no genuine issue of material fact. It follows that the summary judgment ordering distribution of the assets was proper.

As concerns the allowance of attorney fees, it appears to us that the resistance by the defendants of the action for distribution was for the defendants' own individual benefit and in their own interest; that the employment of counsel was not authorized by the club as an organization; and that the defense of the suit was both fruitless and unjustified. The secretary (being the accountant who was one of the five remaining employes of the trucking company) who employed the attorneys appears to have occupied the office simply by having claimed it. Therefore, the fee should not have been held to be a valid charge against the club funds. Cf. Barrick v. James, Ky., 258 S.W.2d 1; Johnson v. Ducobu, Ky., 258 S.W.2d 509.

On the direct appeal the judgment is affirmed; on the cross-appeal so much of the judgment as allows the attorneys' fee is reversed, with directions that the judgment be modified so as to disallow the fee as a charge against the assets of the club.

All concur except STEINFELD, J., who dissents from so much of the opinion as disallows the attorneys' fee.